## W. W. FLETCHER AND ANOTHER v. JAMES TAYLOR.[1]

### April 1, 1921.

### No. 22,208.

**Vacating stipulation of settlement.**

   1. The court did not err in denying defendant's application to vacate a stipulation of settlement made in the course of litigation upon the ground of the incompetency of one of the parties.

**Findings of fact unnecessary.**

   2. In determining such application it was not necessary to make findings of fact, nor were findings necessary as a basis for the judgment the entry of which was stipulated in the event of the denial of the application to vacate the stipulation of settlement.

Action in the district court for Rock county to determine adverse claims to real property. The facts are stated in the opinion. Judgment upon stipulation of facts was ordered, Nelson, J., in favor of plaintiffs. From the judgment entered pursuant to the stipulation, defendant appealed. Affirmed.

*George P. Gurley* and *Allen & Siefert,* for appellant.

*C. T. Howard,* for respondents.

DIBELL, J.

The court denied the defendant's application to vacate a stipulation of settlement. Judgment was entered for the plaintiffs pursuant to a stipulation to that effect in the event of the denial of the application to vacate the stipulation of settlement. No findings were made. The defendant appeals from the judgment.

1. An action was brought to determine adverse claims to lands in Rock county for which, along with a piece of village property in Pipestone county, the plaintiffs contracted to trade North Dakota land. The defendant alleged fraudulent representations as to the North Dakota lands.

[1]Reported in 182 N. W. 437.

While the action was pending the parties entered into a stipulation of settlement. By the terms of it the plaintiffs were to pay the defendant $60 per month, during his life, secured by an adequate bond, were to cancel a mortgage against land owned by him in Jackson county, and were to pay $300 in attorney's fees contracted by him. The defendant was to quitclaim the North Dakota lands, release his claim on the Minnesota lands, and release the plaintiffs from all liability arising out of the trade. It was further provided that the action should be dismissed on its merits. It was sought to vacate this stipulation.

The parties stipulated that there be submitted to the trial court this question: "Should said stipulation so made * * * be set aside by the court for any reason?" They agreed that the plaintiffs had complied with the stipulation and that it "was entered into between the parties hereto without any fraud or misrepresentation on the part of any of the parties to this action." And it was stipulated that if the stipulation should not be set aside judgment should be ordered for the plaintiffs in accordance with such stipulation.

The ground upon which it was sought to set aside the settlement was, substantially, that the defendant was mentally incompetent. That he was peculiar is conceded. He was represented by competent and faithful counsel. The stipulation was the result of considerable negotiation in which the interests of the defendant were well cared for. It was contemplated that affidavits would be used on the hearing and the application was submitted without oral testimony. The affidavits are quite at variance in their conclusions. They justify the result reached by the trial court. Its refusal to vacate the stipulation is sustained.

2. Having denied the motion to vacate the stipulation, the court ordered judgment for the plaintiffs quieting title to the Rock county lands. The defendant urges that there should have been findings of fact as provided by G. S. 1913, § 7815. He made a motion for findings.

Findings were not necessary. In the application to set aside the stipulation of settlement, the court was hearing a motion, not trying an action. The denial of the application was in effect a general finding against the defendant and a more specific finding was not required. That specific findings in certain situations may be proper to present the case for effective review, need not be questioned. The application to vacate the

stipulation being denied, judgment was to go in accordance with the stipulation. Findings are not required as a basis for a judgment entered on stipulation. There is a variance in the two stipulations as to the judgment to be entered, but apparently the parties intended that in case the stipulation for a settlement was not vacated there should be judgment for the plaintiffs quieting title, and so the parties have construed the stipulations.

We do not inquire whether the plaintiffs or the defendant could have been compelled to submit their rights acquired under the stipulation to a determination upon affidavits. No complaint is made of the procedure used.

Judgment affirmed.