## ELEANOR J. ANDERSON v. CHARLES B. ANDERSON, JR.

225 N. W. 2d 837.

January 24, 1975—No. 44944.

---

*Kressel, Cecere & Seiler, Robert J. Kressel, John G. Kressel,* and *Alfred R. Sundberg,* for appellant.

*William J. Fleming* and *James A. Meyer,* for respondent.

Heard before Peterson, MacLaughlin, and Yetka, JJ., and considered and decided by the court en banc.

YETKA, JUSTICE.

Appeal by plaintiff wife from a judgment of the District Court of Washington County and an order denying her motion for amended findings or, in the alternative, for a new trial. We affirm.

This is a divorce action. The parties were married in 1960. In 1967, they acquired a business known as Anderson Party Supplies. Plaintiff wife had resigned her teaching position in 1970 to assist in this business, but ceased her efforts in the operation of the business in 1972, apparently to avert marital problems which had arisen. In May 1972, plaintiff brought this action for divorce in Washington County and defendant subsequently filed a cross-complaint.

When the case came on for trial on October 18, 1972, the parties arrived at a stipulation to settle the disposition of their property, which stipulation was dictated to the court reporter with details to be completed by the parties later.

Pursuant to the stipulation, the action subsequently came on for hearing by default in July 1973, and the court thereafter entered findings of fact and conclusions of law on the basis of which plaintiff was granted a divorce. After a subsequent hearing in November 1973, the court made additional findings, con-

clusions of law, and order for judgment with reference to the property division.

Plaintiff contends that the record does not sustain the findings relating to the property division. More specifically, she objects to treating monthly payments of $2,500 she is to receive from defendant as alimony.

The divorce decree states in relevant part as follows:

"That as and for alimony the defendant shall pay to the plaintiff the further sum of $330,000.00 without interest, said sum to be paid in monthly installments of $2,500.00 per month for a period of eleven years or until the full sum of $330,000.00 has been paid. * * *

* * * * *

"This paragraph contemplates that the sums payable hereunder are tax deductible to the defendant as alimony and taxable to the plaintiff as such. In the event the Internal Revenue Service should interpret this paragraph to the contrary, then the defendant's obligation hereunder shall be reduced to the extent that his State and Federal Income Taxes are increased. Said sum shall be computed annually.

"In the event of the defendant's death prior to the full payment of the alimony provided for herein, payment of said alimony shall be an obligation against the defendant's estate.

"If plaintiff predeceases defendant, any balances of alimony remaining unpaid shall be payable to plaintiff's estate provided that if said payments are deemed not tax deductible to the defendant he shall have a reduction in the balance due to the extent of any additional tax liabilities or burdens that he becomes obligated to pay. In the event of default by the defendant in payment of the alimony as provided for herein, the plaintiff shall be required to seek relief therefor through appropriate proceedings for contempt prior to the commencement of foreclosure proceedings of the security instruments provided for herein.

"*It being the finding of the Court herein that the defendant is and has been the sole owner of said business and that the plain-*

*tiff has and shall have no right, title or interest therein except as to security provided for herein to assume payment of alimony awarded herein."* (Italics supplied.)

In a memorandum accompanying its decision, the court noted as follows:

"The main point of contention is whether the payment of $330,000.00 should be designated and considered alimony. Though paragraph 5 of the stipulation does not designate the payment as alimony, it is the Court's recollection based upon notes made on October 18, 1972, that the amount of $330,000.00 was agreed upon contemplating the income tax plaintiff would have to pay on the monthly payments of $2,500.00.

"The parties did not agree on the value of the business. Based upon the premise that each should receive one half of the value of the business, an attempt was made to resolve this difference. Plaintiff valued the business at $600,000.00. The defendant valued the business at $400,000.00. As a compromise it was agreed that rather than sell this type of business to a third person, that defendant would retain and operate the business and pay plaintiff $330,000.00 over an 11 year period. It was the Court's understanding that the additional amount plaintiff was to receive ($30,000.00 more than her valuation and $130,000.00 more than his valuation) was to compensate her for the additional income tax she would be required to pay. Accordingly, the Findings designate this amount as alimony taxable as income to the plaintiff."

Judgment was entered pursuant to the above findings on November 23, 1973. Thereafter, on December 19, 1973, plaintiff filed a motion for amended findings of fact and conclusions of law on grounds that the trial court's decision of November 23, 1973, was not supported by the evidence and contrary to law. Hearing on that motion was held on December 27, 1973. Thereafter, on January 29, 1974, the trial court issued an order deny-

ing that motion. In the accompanying memorandum, the court stated:

"* * * I am completely satisfied that the parties at the time of the stipulation understood and agreed that this figure was to be considered alimony and income to the plaintiff. This is further substantiated by a letter received by the Court on July 9, 1973, signed by both Mr. Sundberg and Mr. McClure as attorneys for the plaintiff. With this letter they submitted proposed findings that they requested the Court to sign after the July 5th hearing. The Court did not adopt these proposed findings relative to the property settlement because there were still certain matters in this regard to be determined, one of which was the determination of the profit of the business for the year 1972, and this and other matters were to be resolved by August 15, 1973, and amended findings were to be filed at that time by the Court based upon an additional stipulation. It was the opinion of the Court that it would be a better practice to include all of the provisions covering the property settlement in one document, i.e., the amended findings, rather than to have a part in the July findings and an additional portion in the August findings.

"It is apparent that there was no dispute or question in the minds of the plaintiff and her attorneys on July 9, 1973, that the parties had reached an agreement through the October 18, 1972, stipulation that the $330,000 was to be designated as alimony and treated by the plaintiff as income. This was specifically provided in their proposed findings on page 6, Paragraph J(a). A copy of the said letter of July 9, 1973, and the plaintiff's proposed findings are attached hereto and made a part hereof by reference." [1]

---

[1] Those proposed findings provide that the monthly payments against the $330,000 shall be treated as income to plaintiff, that the obligation shall continue even if plaintiff remarries, and that in the event of the death of either party, the benefits and obligations of said provision shall inure to the estate of the deceased party.

The sole issue on this appeal is whether the trial court could properly enforce the stipulation including defendant's agreement to pay to plaintiff the sum of $330,000 via installments over an 11-year period which were to be deductible to defendant and taxable to plaintiff.

Plaintiff contends on appeal that the trial court's decision was not supported by the evidence and was erroneous. Defendant responds that the matter was settled by stipulation, thereby eliminating the need for the court to receive evidence with reference to the division of property and alimony.

Plaintiff's assertion ignores the legal effect of a stipulation which, by its very nature, is designed to obviate the necessity of presenting evidence, a purpose which has been looked upon with favor by this court. See, Sauke v. Bird, 267 Minn. 129, 125 N. W. 2d 421 (1963); Southdale Center, Inc. v. Lewis, 260 Minn. 430, 110 N. W. 2d 857 (1961). Where the parties stipulate as to the facts, the effect of the stipulation is to take the place of evidence. Gethsemane Lutheran Church v. Zacho, 253 Minn. 469, 92 N. W. 2d 905 (1958). See, also, Leskinen v. Pucelj, 262 Minn. 461, 115 N. W. 2d 346 (1962); In re Estate of Monfort, 193 Minn. 594, 259 N. W. 554 (1935); Fletcher v. Taylor, 148 Minn. 366, 182 N. W. 437 (1921).

The employment of stipulations in divorce proceedings has been approved by this court on numerous occasions. LaBelle v. LaBelle, 302 Minn. 98, 223 N. W. 2d 400 (1974); Kaiser v. Kaiser, 290 Minn. 173, 186 N. W. 2d 678 (1971); Hellman v. Hellman, 250 Minn. 422, 84 N. W. 2d 367 (1957); Mark v. Mark, 248 Minn. 446, 80 N. W. 2d 621 (1957). Therefore, the relevant inquiry in the case at bar is not whether the facts on the record support the judgment, but rather, whether the parties in fact stipulated to the provision at issue.

While plaintiff takes exception to the trial court's determination that the $330,000 obligation imposed upon defendant was alimony, we hold, without discussing the legal effect of the stipulation or the decree on the tax consequences, that the parties

did stipulate a complete settlement; that the record contains sufficient proof that the parties subsequently agreed as to the details of that stipulation; and that the court subsequently entered findings of fact, conclusions of law, and order for judgment adopting the terms of the stipulation.

Following entry of judgment on November 15, 1973, plaintiff moved for amended findings and conclusions of law or a new trial, thus in effect requesting the trial court to set aside the stipulation. This court has held that a stipulation cannot ordinarily be repudiated or withdrawn by one party without the consent of the other party except by leave of the court for cause shown. Gran v. City of St. Paul, 274 Minn. 220, 143 N. W. 2d 246 (1966). The matter of vacating a stipulation rests largely in the discretion of the trial court, and its action will not be reversed absent a showing that the court acted so arbitrarily as to constitute an abuse of that discretion. Ryan v. Ryan, 292 Minn. 52, 193 N. W. 2d 295 (1971); Schoenfeld v. Buker, 262 Minn. 122, 114 N. W. 2d 560 (1962). The record in the instant case discloses no such showing of abuse.

Plaintiff also asserts that Finding No. 3, setting forth an accounting of certain cash assets divided pursuant to stipulation, lacks evidentiary support for those calculations. The principles noted in the above discussion are equally applicable to that assignment of error. Additionally, it is clear from the record that these figures were agreed to by plaintiff's accountant.

It appears quite obvious that the purpose behind the provision requiring defendant to pay plaintiff $330,000 was to allow defendant to deduct the installment payments on his income tax returns. We do not rule on whether this intention has been effectuated, but we do hold that the plaintiff is not entitled at this late date to insist that she wants to renegotiate the terms. Both parties were represented throughout these proceedings by counsel and had an accountant available, and were fully cognizant of all the legal and tax consequences. The trial court did not abuse its discretion in refusing to vacate the stipulation. There is there-

fore no basis for this court to overturn the findings of the trial court.

Affirmed.