In re the Marriage of Patricia A. BURR, petitioner, Respondent,

v.

Frederick J. BURR, Appellant.

No. C0-84-220.

Court of Appeals of Minnesota.

Aug. 14, 1984.

Beverly A. Fleishman, LaCrosse, Wis., for respondent.

Timothy A. Murphy, Rippe, Hammell & Murphy, Caledonia, for appellant; Ross A. Phelps, Phelps & Koby, La Crescent, of counsel.

Heard, considered and decided by FO-LEY, P.J., and SEDGWICK and RAN-DALL, JJ.

## OPINION

SEDGWICK, Judge.

Frederick J. Burr appeals from the trial court order denying a reduction in "family support" following the remarriage of his ex-wife, arguing that his ex-wife's remarriage terminates his obligation to pay her spousal maintenance. Respondent, Patricia A. Burr, claims that the divorce decree, entered upon the parties' stipulation, specifically provides that spousal maintenance shall continue until she reaches age 62 or Frederick Burr retires at age 62. We affirm.

## FACTS

Frederick and Patricia Burr were divorced in 1983 after 16 years of marriage. The mother has custody of the parties' three minor children.

The parties entered into a written stipulation, incorporated in whole in the divorce decree, which provides the mother with $1,000 per month in "family support." This amount is reduced by $200 per month as each child reaches age 18 (or meets other criteria). The decree provides that "family support" shall be paid to Patricia until she reaches age 62 or the appellant retires at age 62.

Following Patricia's remarriage in September 1983, appellant moved for a reduction in family support ·pursuant to Minn. Stat. § 518.64(3) (1982). The trial court heard, considered and denied the motion. This appeal followed.

## ISSUE

Does appellant's duty to pay spousal maintenance terminate upon respondent's remarriage when the parties entered stipulation providing that payments of "family support" shall terminate when she reaches age 62 or in the event he retires at the age of 62?

## ANALYSIS

The stipulation entered into by the parties, both of whom were represented by legal counsel, included the following provision which was fully incorporated into the final decree:

3. That as and for family support, the respondent shall pay to the petitioner the sum of $1,000.00 per month. This shall be reduced by the sum of $200.00 at the time each child reaches the age of 18 years or has graduated from high school, whichever is the last to occur. Said payments shall be made in equal installments ... and shall continue until the child reaches legal age or would have graduated from high school, whichever would be the last to occur, is emancipat-

ed or self-supporting, or until further Order of this Court. That as and for additional family support, the respondent shall pay to the petitioner one-tenth of any net increase he receives in pay for each dependent child as stated herein, said amount to be evaluated and adjusted on the 1st day of January of each year, beginning January 1, 1984, with the base period being the year beginning January 1, 1983. That the respondent shall execute a wage assignment so as to provide that the payments are made directly to the petitioner.

\*  \*  \*  \*  \*  \*

13. That family support shall be paid to the petitioner until petitioner reaches the age of 62 years, or in the event respondent retires from the railroad at the age of 62 years, then the family support obligation shall terminate.

■ This decree does not comply with the requirements of Minn.Stat. § 518.55 (1982) which states:

*Every award of maintenance or support* money in a judgment of dissolution or legal separation *shall clearly designate whether the same is maintenance or support money, or what part of the award is maintenance and what part is support money.* An award of payments from future income or earnings of the custodial parent is presumed to be maintenance and an award of payments from the future income or earnings of the noncustodial parent is presumed to be support money, unless otherwise designated by the court....

(emphasis added). The parties, in their stipulation, chose not to designate the $1,000 monthly award as maintenance or support, although it is clear, from the $200 reduction as each child reaches majority, what the parties intended. The trial court should have made a clear designation when it entered the final decree.

When the court considered the appellant's motion it found that the parties intended that $400 of the $1,000 family support award is maintenance. This is consistent with the decree since the respondent will continue to receive $400 per month following the emancipation of the last child.

Appellant asserts that the $400 maintenance portion of the "family support" award should now terminate because Minn. Stat. § 518.64, subd. 3, operates to terminate maintenance payments upon the remarriage of the custodial parent unless the decree specifically states that these payments continue despite remarriage.

Minn.Stat. § 518.64, subd. 3 states:

Unless otherwise agreed in writing or expressly provided in the decree, the obligation to pay future maintenance is terminated upon the death of either party or the remarriage of the party receiving maintenance.

Here, the decree set forth adopted the parties' stipulation exactly as written, providing that maintenance *"shall be paid ... until"* respondent reaches age 62 or appellant retires at age 62, *"then the family support obligation shall terminate."* Maintenance *terminates only* on one of the two listed conditions. Testimony indicates that the parties apparently negotiated this provision based on tax considerations.

■ In reviewing a provision of a decree based on a stipulation, "the trial court reviewing the original order or decree should view it as an important element because it represents the parties' voluntary acquiescence in an equitable settlement." *Claybaugh v. Claybaugh,* 312 N.W.2d 447, 449 (Minn.1981). In addition, the Minnesota Supreme Court has held "that a stipulation cannot ordinarily be repudiated or withdrawn by one party without the consent of the other party except by leave of the court for cause shown." *Anderson v. Anderson,* 303 Minn. 26, 32, 225 N.W.2d 837, 840 (1975).

Here the trial court considered evidence of what the parties had "agreed in writing" regarding respondent's remarriage and found:

That it was the intention of the parties through said stipulation provisions that the "family support" in the sum of $1,000.00 per month was to be paid by

respondent to petitioner until the last of said three children had reached the age of 18, had graduated from high school or had become otherwise emancipated, being reduced, however, in the sum of $200 by the earlier emancipation of each child, with the sum of $400.00 per month remaining at the emancipation of all three children to continue being paid to petitioner each month by respondent until petitioner had reached the age of 62 year, subject, however, to reconsideration by an appropriate Court *at that time* on request of either party alleging a change of circumstances.

Finding of Fact # 4 (emphasis added).

Based on this finding, the court concluded:

> That respondent should continue to be obligated for the payment of "family support" in the sum of $1,000.00 per month at least until the youngest of the children of the parties has reached the age of 18 years or has graduated from high school.

The court denied appellant's motion to terminate the $400 portion of "family support" that the parties intended as spousal maintenance noting that appellant could, in the future, have this motion reviewed if there were a change in circumstances.

■ The trial court's findings and conclusion are supported by the parties' stipulation (including an earlier rejected version) and by their statements at trial. The respondent testified that the initial stipulation proposed to her husband terminated maintenance upon her remarriage while this provision was deleted from the final stipulation. Both parties were represented by counsel throughout the negotiations. The appellant stated he never would have agreed to maintenance payments until age 62 if he had realized his railroad retirement was not subject to any type of property division or for a provision of spousal maintenance. Although this argument fails to address the issue, it implies he now attempts to avoid his earlier agreement to make these payments until respondent reaches age 62 or he retires at age 62,

regardless of respondent's remarriage. The trial court finding, that the parties intended the maintenance payments to continue irrespective of respondent's remarriage, has a reasonable basis in fact and principle. *See DuBois v. DuBois*, 335 N.W.2d 503, 507 (Minn.1983).

### DECISION

 The trial court finding, that the parties specifically agreed that respondent's maintenance would continue until she reaches age 62 or appellant retires at age 62, irrespective of respondent's remarriage, is reasonably supported by the evidence.

Affirmed.