RICHARD J. STEEL v. DOLORES F. STEEL.

232 N. W. 2d 104.

August 1, 1975—No. 45439.

*Richard J. Steel,* pro se, for appellant.
*Michael E. Stephan,* for respondent.

PER CURIAM.

Plaintiff appeals from the order and judgment of the district court awarding defendant $6,000 as her equitable share of the proceeds from the sale of the parties' homestead. We affirm, but remand for the reasons hereinafter stated.

Plaintiff and defendant were married in 1958. They have one minor son. In 1971 the parties were divorced and, pursuant to a stipulation, the plaintiff-husband was awarded the couple's home and custody of the child. The home was sold in April 1972. The parties were remarried in May 1972 and, with the proceeds from the sale of the home, purchased another home in Edina. On April 1, 1974, plaintiff obtained a default divorce, proceeding pro se and modeling the pleadings and property settlement stipulation upon those used in the first divorce action. Again, plaintiff-husband received title to the homestead and custody of the child. On April 16, 1974, defendant-wife moved to reopen the default decree. On May 8, 1974, the district court ordered the decree of divorce set aside "to prevent manifest injustice," the stipulation stricken from the record, and a hearing held relative to all financial considerations between the parties. The court found that the stipulation "contained material mistakes of fact and did not fairly reflect the intention of the parties relative to the settlement of financial considerations." At the ensuing evidentiary hearing, the district court found that

the defendant-wife was induced to enter into the stipulation under duress "because of her fear of [her husband] and her desire to bring an unhappy marriage to a conclusion." The court awarded defendant $6,000 as her share of the proceeds from the sale of the Edina home. Nothing was said about the status of the parties' divorce or the custody of the child.

Two issues are presented for review: First, whether the district court was empowered to set aside the divorce decree and stipulation for property settlement; and, second, whether the district court erred in awarding defendant $6,000 as her share of the homestead proceeds.

It is argued that Minn. St. 518.64 precludes the district court from setting aside the property settlement stipulation and awarding defendant a portion of the proceeds from the sale of the couple's home. The statute provides in pertinent part:

"* * * Except for an award of the right of occupancy of the homestead, all divisions of real and personal property provided by sections 518.58 and 518.59 shall be final, and subject only to the power of the court to impose a lien or charge thereon at any time while such property, or subsequently acquired property, is owned by the parties or either of them, for the payment of alimony or support money, or to sequester the property as is provided by section 518.24."

However, in the instant case defendant moved to set aside the stipulation before her time for appeal had expired. Thus, the property division had not become final and the district court was not prevented by § 518.64 from reopening the settlement. We have previously held that a property settlement stipulation may be modified on proof of fraud or mistake. Hafner v. Hafner, 237 Minn. 424, 54 N. W. 2d 854 (1952). We have also held that a stipulation may be set aside on proof of fraud. Johnson v. Johnson, 243 Minn. 403, 68 N. W. 2d 398 (1955). We therefore hold that the district court had jurisdiction to set aside the stipulation within the time for appeal on proof of mistake, fraud, or duress.

As to the second issue, there is sufficient evidence in the record to sustain the trial court's finding of duress and to support the award of $6,000 to defendant. We are also in accord with the order as to support money.

We note that the district court set aside the decree of divorce and the award of custody at the time it ordered the stipulation stricken from the record. In the subsequent order awarding $6,000 to defendant, no mention was made regarding the status of the divorce or the custody of the child. The case is therefore remanded to the district court for

purposes of reinstating the divorce decree and the provision as to custody.

Affirmed in part and remanded with directions.