**In re the Marriage of Linda M. MARTENSEN, f/k/a Linda M. Johnson, Respondent,**

**v.**

**Kenneth J. JOHNSON, Appellant.**

**No. CX–84–175.**

Court of Appeals of Minnesota.

June 26, 1984.

Linda Olup, Edina, for appellant.

Russell H. Crowder, Nancie R. Theissen, Steffen, Munstenteiger, Beens, Parta & Peterson, Anoka, for respondent.

Considered and decided by LANSING, P.J., and FOLEY and LESLIE, JJ., with oral argument waived.

## OPINION

LANSING, Judge.

Appellant seeks to appeal the denial of reduction of child support and the award of child support arrearages and attorney's fees to respondent. He also appeals a later modification of child support that would become effective under specified conditions. We find that because the appeal is taken from a nonappealable order, the trial court's denial of a reduction in child support arrearages and its award of support arrearages and attorney's fees were not properly before the court. The other child support modification has become moot. We affirm.

## FACTS

Linda Martensen's and Kenneth Johnson's marriage was dissolved in 1981. Martensen was awarded custody of the couple's two children. The Judgment and Decree incorporated a stipulated child support agreement requiring Johnson to pay $300 per month for each child.

In March 1982, Johnson served Martensen with a motion to modify child support. Johnson's attorney drafted a stipulation that reduced child support to $150 per month for each child. Martensen did not sign the stipulation. In September 1982, Johnson reduced his child support payments to a total of $300 per month. In 1983, Johnson moved to modify his child support obligation, alleging an agreement with Martensen. Martensen denied any agreement and brought a responsive motion requesting that the court hold Johnson in contempt for failure to pay child support, reduce child support arrearages to judgment, modify the previous judgment to include wage withholding provisions, modify the visitation schedule, and award attorney's fees.

A hearing was held and the trial court issued Findings of Fact and Order for Amended Judgment in August 1983. The trial court denied Johnson's motion to reduce child support, finding Martensen had not agreed to the reduction and Johnson had the ability to pay $600 per month. The Order also amended the Judgment and Decree to include wage withholding language, modified visitation, awarded attorney's fees of $300, and reduced child support arrearages to judgment. The Amended Judgment was entered on September 12, 1983, and a separate Amended Judgment for child support arrearages of $2,550 was entered on September 21, 1983. Johnson did not appeal either of these judgments.

Instead, in October Johnson filed a motion to amend the Findings of Fact. Martensen opposed the motion, moved that additional support arrearages be reduced to judgment, requested additional modifications in visitation, and requested attorney's fees.

On November 1, 1983, Johnson, because of a strike, became unemployed and ceased making child support payments. He moved the court for a reservation of child support because he had no income. The hearing on this motion was consolidated with the earlier motion to amend the Findings of Fact. The court issued an order in December 1983 denying Johnson's motion to amend the Findings of Fact, reducing the accrued child support to judgment, and denying Martensen's remaining motions.

In addressing Johnson's request for prospective relief based on his temporary unemployment, the court reserved child support commencing with the date of unemployment, ordered Johnson to pay as child support 35 percent of his net income from any part-time work he might obtain during the strike, and ordered that upon Johnson's return to full-time work at Greyhound, his child support payments would be reduced by the same percentage as his reduction in wages. Johnson filed a Notice of Appeal on January 27, 1984, seeking to appeal the issues decided in the September 12, 1983, Amended Judgment as well as the December 23, 1983, Order.

## ISSUES

1. Is the trial court's determination of child support and its award of child support arrearages and attorney's fees appealable when the Amended Judgment is not appealed and review is sought by appealing from a denial of a motion for amended findings?

2. Is the issue of child support payable during the strike and after Johnson resumes full-time employment at Greyhound moot when the provisions will not become effective?

## ANALYSIS

### I

The major issue raised on appeal is the trial court's denial of Johnson's motion to reduce child support from $600 per month for the period from September 1, 1982, through October 31, 1983. Martensen contends that an appeal from this determination is untimely. The issue was decided in the Findings of Fact and Order for Amended Judgment in August 1983. The Amended Judgment was entered on September 12, 1983, and the Amended Judgment for arrearages was entered on September 21, 1983. Neither of the Amended Judgments was appealed. Consequently, the issue of child support reduction is not properly before the court.

■ Johnson attempts to obtain review of the Amended Judgments by appealing

the trial court's denial of his later motion for amended findings. A denial of a motion for amended findings is not an appealable order. Rule 103.03, Minn.R.Civ. App.P.; *Rathbun v. W.T. Grant Co.,* 300 Minn. 223, 238, 219 N.W.2d 641, 651 (Minn. 1974).

■ Johnson also argues that the child support determination in the September 1983 Amended Judgment is reviewable because the December 1983 Order reduced additional child support arrearages to judgment and the amount of that judgment was determined by the September 1983 Amended Judgment. This argument, that the inclusion of a judgment for arrearages revives the original issues, is without merit. In *E.C.I. Corp. v. G.G.C. Co.,* 306 Minn. 433, 435, 237 N.W.2d 627, 629 (Minn.1976), the court said:

Limitations on time to appeal are designed to expedite the final resolution of litigation, with due consideration to fairness and certainty of procedure. Rule 104.01 contemplates that every litigant shall have 90 days, and only 90 days, to take an appeal from a judgment. The 90-day period for appealing any issue raised by a judgment begins at the time that issue first becomes appealable, and once the time begins to run it ordinarily will not be extended.

■ The trial court's denial of Johnson's motion for modification of child support and the trial court's judgment for child support arrearages which came out of the September 12 and September 21, 1983, Amended Judgments are no longer appealable. Because Johnson did not appeal the Amended Judgments in a timely fashion, ·he remained under a court order to continue paying $600 per month until November 1, 1983, the date upon which the payments were suspended.

### II

■ Johnson's appeal of the modification of his child support obligations during and after the strike is timely. However, the issue is moot. This court need not deter-

mine whether the trial court erred in ordering Johnson to pay as child support 35 percent of his net income from part-time jobs held during the strike or in ordering a reduction of child support commensurate with the reduction in his wages upon his return to work for Greyhound. Johnson did not work during the strike, and his employment was terminated immediately after the strike. The provisions have never and will never become effective.

### DECISION

Affirmed.