Francine **TOMSCAK**, Appellant,

v.

Stanley G. **TOMSCAK**, Respondent.

No. C8–83–1590.

Court of Appeals of Minnesota.

July 17, 1984.

John W. Wood, Jr., Koenig, Robin, Johnson & Wood, Osseo, for appellant.

Stephen F. Grinnell, Mackall, Crouse & Moore, Minneapolis, for respondent.

Considered and decided by FOLEY, P.J., and RANDALL and SEDGWICK, JJ., with oral argument waived.

## OPINION

SEDGWICK, Judge.

This is an appeal from a judgment and decree of dissolution alleging error by the trial court in refusing to vacate a property settlement stipulation, and in not awarding maintenance. We affirm in part and reverse in part.

## FACTS

Francine and Stanley Tomscak's marriage of 20 years was dissolved in July 1983. The couple have two children, one a minor at the time of the dissolution. The decree granted custody of the minor child to Francine. Stanley was ordered to pay $500 per month child support and maintain health insurance for the child until June 30, 1984, when she graduates from high school. Stanley is also required to maintain medical insurance for Francine for two years from the date of the decree. The decree provides for no maintenance. Stanley is a labor supervisor who grosses approximately $31,600 per year. Francine is a seamstress. She owns a small dress shop in Edina. Her tax returns show a profit of $114 for 1979, a loss of $8,260 for 1980, and a profit of $1,600 for 1982. Appellant estimated that her business would make her self-sufficient in two years.

Francine said she had been able to pay all her expenses during the dissolution proceeding from her business profits and the $500 per month temporary maintenance paid by respondent. She told the court she could live on her income plus the $500 in child support until the minor child graduates.

Francine had two mastectomies in 1982 and was incapacitated for over 13 weeks. The cancer may recur within five years. Francine can continue insurance coverage through her husband's employer for $100 per month.

A stipulation between the parties, which covered only property, was adopted by the court in its decree. Pursuant to this stipulation, Francine was awarded the home; Stanley was awarded a $40,000 lien against the home to be paid on December 31, 1984, or upon the occurrence of specified contingencies. The parties agreed that the value of the home was $98,000, with equity of $75,000.

## ISSUES

1. Considering the wife's medical problems did the trial court err in not reserving the issue of maintenance?

2. Did the trial court err in refusing to vacate a stipulation negotiated with assistance of competent counsel and agreed to in open court?

## ANALYSIS

### I.

■ Trial courts have broad discretion in establishing maintenance. Their determinations will not be set aside in the absence of an abuse of discretion. *Erlandson v. Erlandson*, 318 N.W.2d 36 (Minn.1982).

■ Francine argues that, in light of the possibility of a recurrence of breast cancer, the court abused its discretion by not reserving the question of maintenance. This court approved reservation of mainte-

nance in a similar situation in *Van De Loo v. Van De Loo,* 346 N.W.2d 173 (Minn.Ct. App.1984).

Maintenance is appropriate whenever the spouse seeking maintenance:

(a) lacks sufficient property, including marital property apportioned to him, to provide for his reasonable needs, especially during a period of training or education, and

(b) is unable to adequately support himself after considering all relevant circumstances through appropriate employment * * *.

Minn. Stat. § 518.552, subd. 1 (1982). The physical condition of the party is one factor courts must consider in establishing maintenance. Minn. Stat. § 518.552, subd. 2(e).

The record supports the trial court's present denial of maintenance. Francine testified that she could make ends meet on $500 per month child support and her business profits. She estimated that she could be completely self-sufficient by the time the child leaves home.

However, if the cancer recurs the situation may change drastically and maintenance may become necessary. Under the existing decree, the trial court would be unable to respond to changed circumstances. Where a court neither awards alimony nor retains jurisdiction to award alimony at some future time, it loses jurisdiction to do so following the dissolution. *Berger v. Berger,* 308 Minn. 426, 242 N.W.2d 836 (1976). To protect Francine, an award of maintenance must be reserved.

## II.

■ Courts favor stipulations, particularly in dissolution cases, as a means of simplifying and expediting litigation. *Anderson v. Anderson,* 303 Minn. 26, 225 N.W.2d 837 (1975). Stipulations are treated as binding contracts. *Ryan v. Ryan,* 292 Minn. 52, 193 N.W.2d 295 (1971). They cannot be repudiated or withdrawn by one party without the consent of the other party except by leave of the court for cause shown. *Gran v. City of St. Paul,* 274 Minn. 220, 143 N.W.2d 246 (1966). Courts

may set aside stipulations for fraud, duress or mistake. *Steel v. Steel,* 305 Minn. 504, 232 N.W.2d 104 (1975). Upon appeal a trial court's determination whether or not to vacate a stipulation will not be disturbed in the absence of an abuse of discretion. *Anderson,* 225 N.W.2d at 840.

■ Francine does not allege fraud or duress. She contends she should be allowed to withdraw her consent to the property stipulation because it was based on a material mistake in the value of the Tomscak home. She offers three appraisals made after the dissolution trial to establish that the home is worth between $75,000 and $89,000 rather than $100,000.

Although it is easy to empathize with appellant, the trial court clearly did not abuse its discretion in denying her motion to vacate. She was represented by competent counsel. The stipulation was hammered out through extensive, detailed negotiations. She agreed to it in open court. And when questioned by the Judge, she indicated that she understood the stipulation's terms and considered them fair and equitable.

Francine herself established the homestead value of $100,000 based on a realtor's appraisal. Stanley accepted the figure because a realtor gave him a similar estimate. So the mistake, if there was one, was the parties' decision to forego additional appraisals to avoid appraisal fees. That is not the sort of mistake which would justify vacating a stipulation.

## CONCLUSION

The judgment is affirmed except as to future maintenance. The matter is remanded to the trial court with instructions to amend the decree to reserve the question of future maintenance.