In Re the Marriage of Janet L. VOLK-MAN, f.k.a. Janet L. Ecklund, Petitioner, Appellant,

v.

Douglas R. ECKLUND, Respondent.

No. C3-84-2110.

Court of Appeals of Minnesota.

June 4, 1985.

Jeffrey P. Hicken, Anoka, for appellant.

William K. Goodrich, Anoka, for respondent.

Considered and decided by RANDALL, P.J., and SEDGWICK and HUSPENI, JJ., with oral argument waived.

## OPINION

HUSPENI, Judge.

Appellant Janet Volkman, f.k.a. Janet L. Ecklund, appeals the trial court's order of November 1984 [1], ruling that (1) respondent Douglas R. Ecklund shall receive 10% interest per year on his one-half share of the homestead equity, and that (2) Douglas need not pay one-half of the interest portion of the parties' loan (second mortgage) accruing after June 1, 1983. We reverse.

## FACTS

The parties began this dissolution action in October 1982. They entered into a stipulation in March 1983, before trial. This stipulation did not mention who would be responsible for the payment of a $15,000 homestead loan which had been obtained by the parties during marriage. In April 1983, the court issued its findings and conclusions of law and order for judgment.

On July 14, 1983, a hearing was held on a motion by Janet which asked the trial court (1) to amend the findings to allow her to purchase the homestead, and (2) to order both parties to pay one-half of the $15,000 loan pending sale or buy-out of the home. Douglas made a countermotion seeking denial of Janet's motion and seeking an order that the party willing to pay the most be allowed to purchase the other's homestead interest. This was also heard on July 14. The judgment and decree of dissolution was entered on July 22, 1983. It incorporated the original settlement provisions, but made no reference to the loan or the two motions heard on July 14. A written order denying these motions was not issued until June 18, 1984. Attached to this order, but not incorporated into it, was a memorandum stating that upon sale of the home, Janet should be reimbursed for one-half the payments she was making on the $15,000 loan.

---

**1.** This appeal is taken from a nonappealable order. Neither party raised that issue. We address the merits in the interests of economy for the court and the parties. *Bjorke v. Bjorke,* 354 N.W.2d 107 (Minn.Ct.App.1984).

In June 1984, the homestead had still not been sold. On June 11, Douglas brought another motion in which he asked that Janet be held in contempt of court for refusing to cooperate in the sale of the homestead, sought an order that he need not pay interest incurred after June 1, 1983, on the parties' $15,000 loan, requested that he receive a minimum of $15,679, plus 10% interest from the homestead sale proceeds, and claimed that Janet was responsible for the loss of a sale which would have netted him that amount on June 1, 1983. This motion was heard by a different trial court from that who heard the parties' previous motions and who had issued the judgment and decree of dissolution. Janet moved for denial of Douglas' motion.

On November 7, 1984, the second trial court issued its order regarding Douglas' June 1984 motion. The November 1984 order did not refer to the first court's June 1984 order and memorandum. Instead, it granted Douglas' motion, denied Janet one-half payment on the loan, granted Douglas' request for interest based on Janet's alleged noncooperation in the sale of the house, and ruled that Douglas was not responsible for the interest portion of the loan accruing after June 1, 1983. Janet appeals the November 7, 1984 order.

## ISSUES

1. Did the trial court err in finding that appellant failed to cooperate in the sale of the parties' homestead prior to the entry of the judgment and decree of dissolution?

2. Did the trial court err by not giving appellant credit for loan payments made in reliance on an earlier court hearing?

## ANALYSIS

1. Janet contends that the trial court, in its November 7, 1984 order pursuant to Douglas' motion heard June 22, 1984, erroneously punishes her for alleged noncooperation in the sale of the parties' homestead during the months of April and May 1983. We agree.

In the November 7, 1984 order, the trial court made the following ruling regarding Janet's alleged noncooperation:

2. That the Respondent shall receive from the Petitioner interest at the rate of ten percent (10%) per annum on his one-half (½) share of the homestead equity, which equity shall be determined pursuant to Paragraph 6 of this Court's July 22, 1983 Judgment and Decree. Said interest shall accrue from June 1, 1983 through the date on which Respondent receives his one-half (½) equity share in the homestead proceeds. The interest owed by Petitioner shall be deducted from Petitioner's homestead equity share and paid to Respondent at the closing of the homestead. *This Order to pay interest is made as the Court specifically finds that the Petitioner did unilaterally fail to cooperate in the sale of the party's [sic] homestead in April and May, 1983,* contrary to the party's [sic] March 3, 1983 Marrital [sic] Termination Agreement and contrary to this Court's April 18, 1983 Findings of Fact, Conclusions of Law and Order for Judgment.

(Emphasis added.)

In the November 7, 1984 order, the trial court failed to address the fact that, prior to the entry of the judgment and decree on July 22, 1983, Janet had brought a motion to amend findings that was not to be argued until July 14, 1983. That motion, if successful, would have granted Janet the right to buy the house from Douglas. It is both rational and understandable that Janet would not wish to sell the house during April, May, or June of 1983 since she had to wait until July to argue her motion. If the house had been sold during those months, Janet's motion obviously would have been moot.

█ Unfortunately, a belated order responding to Janet's July 14, 1983 requests was not issued until June 18, 1984. We cannot fault Janet for her failure to cooperate in the sale of the homestead pending the court's ruling on her motion. Thus, we conclude the trial court erred in its November 7, 1984 order when it found that Janet failed to cooperate in the sale of the par-

ties' homestead prior to the entry of the decree of dissolution. We also conclude the trial court erred in the November 7, 1984 order when it assessed against Janet 10% interest on Douglas' one-half of the equity in the homestead.

2. Ultimately, on June 18, 1984, the first trial court judge issued an order denying "the various motions of the parties" (those argued on July 14, 1983).

Janet argues that the November 7, 1984 order from the second trial court judge fails to take into account the following language of the memorandum accompanying the order of June 18, 1984:

The petitioner has made several payments against the loan of the parties to Beneficial Finance Corporation. The Judgment and Decree did not specifically assign the responsibility for payment of this loan to either party, it being anticipated that the loan would be satisfied by an immediate sale of the homestead. The homestead did not sell immediately, however, and to prevent foreclosure of the Beneficial loan the Petitioner has kept that loan current. The acts of the Petitioner in so doing run to the benefit of both parties. Therefore, upon the sale of the homestead, the Petitioner should be reimbursed from the share of the Respondent for one-half of all payments made by her to Beneficial Finance Corporation since March 3, 1983.

The November 7, 1984 order reads in pertinent part:

That Respondent is not responsible for the interest portion of the parties' Beneficial Finance Corporation loan accruing after June 1, 1983. Upon sale of the parties' homestead, the then existing principal balance of said loan shall be deducted from the parties' homestead sale proceeds as provided for in Paragraph 6c of this court's Judgment and Decree in this matter, dated July 22, 1983.

2. Janet's motion papers, signed by her attorney on June 7, 1984 in preparation for the June 11, 1984 hearing, seek, inter alia, the following relief: "Clarifying that the memorandum of [the first trial judge's] Order based on the hearing of July 14, 1983, is in fact the order of the Court."

In considering Janet's argument regarding this issue, we must ponder the state of confusion which arose in this case as a result of two trial judges involved in similar issues at approximately the same time. Janet's motions regarding the homestead sale and responsibility for the loan had been heard and were under advisement when the judgment and decree was entered on July 22, 1983. The belated order of June 18, 1984 had been issued and should have been part of the record before the trial court judge who had under advisement the June 1984 motions. The second judge ruled upon those motions on November 7, 1984. However, there is nothing in the record to assist us in determining whether the second judge considered the June 18, 1984 order and the accompanying memorandum.[2]

Ordinarily, we would remand the issue of applicability of an order issued by one judge subsequent to the submission of similar issues to another judge for resolution. However, we find the issue here to be one of law, and shall address it.

The June 14, 1984 order reads in its entirety as follows: "That the various motions of the parties are hereby denied." The unincorporated memorandum attached to the June 1984 order provides that Janet shall be reimbursed by Douglas for one-half of all payments Janet makes on the homestead loan from March 3, 1983.

Janet argues that the June 18, 1984 order is ambiguous and can only be clarified by reference to the memorandum. Douglas counters that there is no ambiguity. Both parties recognize the applicability of the doctrine set forth in *McMillen v. Meyer*, 246 Minn. 132, 74 N.W.2d 393 (1956). In *McMillen*, the Minnesota Supreme Court ruled that a memorandum which is not made a part of the order or findings to which it is attached can only be referred to in order to clarify a part of the order when the order is ambiguous.

That memorandum is attached to an Order dated June 18, 1984, issued 11 days after Janet's motion request. We are unable to explain how the trial court, on June 11, 1984, could have been requested to clarify a memorandum apparently not in existence until June 18, 1984.

Here the order consisted of one sentence. There were no findings. The court chose to use the word "various" rather than "all" in denying the parties' motions. Under these circumstances, we conclude that the brief order was ambiguous. The lengthier, precise memorandum must be referred to in order to determine the intent of the judge in the June 18, 1984 order. We conclude that intent as specified in the language of the memorandum is that Douglas reimburse Janet for one-half of all homestead loan payments made by her from March 3, 1983. The intent of the June 1984 order is determinative of the issue of the homestead loan payments and any provisions to the contrary in the November 7, 1984 order must be vacated.

## DECISION

The trial court erred when it determined that appellant failed to cooperate in the sale of the parties' homestead and assessed against appellant a 10% interest payment to respondent on respondent's homestead lien. Provisions of the November 7, 1984 order addressing the parties' responsibilities for payment of the homestead loan are of no effect. Provisions of the June 18, 1984 order determine those responsibilities.

Reversed.