**In re the Marriage of Lucille HOLZNAGEL, Appellant,**

v.

**Wayne HOLZNAGEL, Respondent.**

**Nos. C4-84-1127, C0-84-2209.**

Court of Appeals of Minnesota.

June 18, 1985.

Donald C. Erickson, Johnson, Fredin, Killen, Thibodeau & Seiler, P.A., Duluth, for appellant.

Wayne Holznagel, pro se.

Heard, considered and decided by POPOVICH, C.J., and LANSING and FORSBERG, JJ.

## OPINION

LANSING, Judge.

This is a consolidation of two appeals arising from the property settlement in a dissolution proceeding. Appellant appeals from an order modifying property distribution and debt allocation and from an order denying a motion for amended findings. We affirm.

## FACTS

Lucille and Wayne Holznagel were divorced after 40 years of marriage on November 14, 1983. They divided the marital property and debts according to an in-court oral stipulation. Among other property, Lucille Holznagel received the parties' horses. In addition to the property Wayne Holznagel received, he was also obligated to pay specific joint debts. Each party was individually responsible for debts separately incurred after May 18, 1983.

One of the horses included in Lucille Holznagel's property settlement is lame and has value only as a brood mare. Wayne Holznagel, who had primarily ridden and cared for the horses throughout the marriage, had sent the mare to a breeding farm to be bred in July 1983, before the dissolution was final. When he did not receive the horses in the dissolution, he refused to pay the breeding and board fees. The farm refused to release the horse to Lucille Holznagel until the fees were paid. Lucille Holznagel subsequently moved to hold Wayne Holznagel in constructive civil contempt for failing to deliver the horse and for failing to hold her harmless from separately incurred debts.

The trial court denied the contempt motion in an order which did not contain an express direction for entry of judgment. In the findings of fact the trial court stated that the mare had been valued for property division and debt allocation without consideration of the value of the unborn foal and attendant breeding costs, that Lucille Holznagel had been in constructive possession of the mare since the November 14 dissolution, and that she was obligated for board and breeding fees before she could obtain possession. In its conclusions of law, however, the trial court, apparently as the result of a clerical error, indicated that Wayne Holznagel was obligated for the fees and entitled to possession of the horse. It amended the order several months later, on May 21, 1984, to award the horse to Lucille Holznagel and require her to pay the fees. She appeals from that order.

Lucille Holznagel also appeals from an order dated November 14, 1984, and filed November 15, 1984 arising out of a separate contempt proceeding. This order denied her motion to amend findings of fact contained in prior orders which first held Wayne Holznagel in contempt for failure to pay his debt obligations under the decree and then, after he purged the contempt, discharged his debt obligations completely without ordering him to pay accumulated interest on the debts.

## ISSUES

1. Are the orders of May 21, 1984, and November 15, 1984, appealable?

2. Did the trial court abuse its discretion in modifying the terms of the property division?

## ANALYSIS

### I

■ The trial court's May 21, 1984, order obligating Lucille Holznagel to pay breeding fees substantially modified the original property division. The proper appeal is from an amended judgment; the order is not appealable as of right. *See* Minn.R.Civ.App.P. 103.03; *Angelos v. Angelos*, 367 N.W.2d 518 (Minn.1985). No amended judgment was entered, however, and the parties did not brief or argue the appealability of the order. Because Lucille Holznagel could simply amend the judgment and appeal again, subjecting both this court and Wayne Holznagel to two appeals involving a relatively minor issue, we extend discretionary review of the May 21 order in the interests of expediency and economy.[1]

■ The November 15, 1984, order refused to amend an order filed October 15, 1984. The October 15 order discharged Wayne Holznagel's debt obligations under

the decree after he purged himself of contempt; it did not modify his obligation under the decree, but simply enforced it. Thus, no amended judgment was possible, and the October 15 order was a final order which determined the action for purposes of Minn.R.Civ.App.P. 103.03(e). Lucille Holznagel did not appeal from this final order, but instead appealed from the non-appealable order refusing to amend it. *See Martensen v. Johnson*, 350 N.W.2d 467, 469 (Minn.Ct.App.1984) (an order denying amended findings is not appealable). Because the time for a proper appeal has expired, discretionary review would not promote expediency or economy. In view of the relatively meritless issue raised, we decline to extend discretionary review of the November 15 order.

### II

■ Under Minn.Stat. § 518.64, subd. 2, property division under a dissolution decree is final and may be modified "only where the court finds the existence of conditions that justify reopening a judgment under the laws of this state." Modification is permissible upon proof of fraud, mistake, or duress. *See Steel v. Steel*, 305 Minn. 504, 505, 232 N.W.2d 104, 105 (1975).

■ The trial court found that the mare had mistakenly been valued without consideration of the value of the unborn foal and that the attendant breeding costs had been overlooked at the time of the final hearing. It found, in addition, that both parties had acted "at the same level of good faith" in the proceedings. The evidence supports the trial court's findings. Wayne Holznagel primarily rode and cared for the horses, and Lucille Holznagel had no interest in and was "deathly afraid" of them. He therefore had good reason to expect at the time he had the mare bred that he would eventually receive her in the property division. Incurring the breeding fees was a

---

1. *See also Volkman v. Ecklund,* 368 N.W.2d 765 (Minn.Ct.App.1985); *Kluge v. Kluge,* 358 N.W.2d 485 (Minn.Ct.App.1984); *Bjorke v. Bjorke,* 354 N.W.2d 107 (Minn.Ct.App.1984); *Kirby v. Kirby,* 348 N.W.2d 392 (Minn.Ct.App.1984). In these cases, decided before the Minnesota Supreme Court held in *Angelos v. Angelos* that modification orders in dissolution matters (other than property settlements) are appealable as of right, this court granted discretionary review of modification orders when the parties could have amended the judgment and appealed again.

reasonable action in light of the horse's condition and primary value. Wayne Holznagel was safeguarding the mare's value rather than undertaking a personal debt for individual gain. The trial court did not abuse its discretion in requiring Lucille Holznagel to pay board and breeding fees in order to obtain possession of the mare and unborn foal.

## DECISION

The trial court did not abuse its discretion in modifying the decree by requiring Lucille Holznagel to pay board and breeding fees.

Affirmed.

POPOVICH, C.J., dissents.

POPOVICH, Chief Judge, dissenting.

I respectfully dissent. This appeal should be dismissed in its entirety. Although two appeals are involved in this matter, appellant has yet to file an appeal from an appealable order. An order to amend the property division provisions of a dissolution decree is not appealable. *Angelos v. Angelos*, 367 N.W.2d 518 (Minn. 1985); *see Kirby v. Kirby*, 348 N.W.2d 392, 393–94 (Minn.Ct.App.1984); Minn.R.Civ. App.P. 103.03. The denial of a motion for amended findings regarding property division is not an appealable order. *Angelos*, 367 N.W.2d at 520; *see Martensen v. Johnson*, 350 N.W.2d 467, 469 (Minn.Ct. App.1984); Minn.R.Civ.App.P. 103.03.

In *Kirby*, this court faced a similar situation and granted discretionary review "in the interests of judicial economy." *Kirby*, 348 N.W.2d at 394. *Kirby* was decided by this court in May 1984, and the factors leading to our granting of discretionary review in *Kirby* do not exist in this matter. Both appeals in this matter were filed long after the new Minnesota Rules of Civil Appellate Procedure became effective in August 1983. Moreover, these appeals were both filed after *Kirby* was decided.

Granting discretionary review in this matter does not promote judicial economy. Review of this matter encourages further appeals from nonappealable orders and causes uncertainty in the law. Appeals from nonappealable orders and multiple appeals are encouraged when this court routinely grants discretionary review. Uncertainty in the law is created because discretionary review, by its very nature, is granted based on a combination of tangible and intangible factors.

The majority's decision is illustrative of the problems created when a low threshhold is used to grant discretionary review. The majority in this matter grants discretionary review for the May 21, 1984 order but denies discretionary review of the November 15, 1984 order. This approach is inconsistent and unpredictable.

I believe discretionary review under Minn.R.Civ.App.P. 105 should be reserved for matters of exigency and not used to relieve parties of their failure to follow the rules. A firm adherence to the basic rules of civil appellate procedure benefits the public interest by ensuring a consistent, timely appellate decision-making process. While this court certainly will not apply the rules to place form over substance, enforcement of rudimentary appellate procedure is necessary. I would dismiss this appeal in its entirety.