**In re the Marriage of Margaret L. KROEPLIN, f.k.a. Margaret L. Haugen, Petitioner, Appellant,**

v.

**Dennis Roy HAUGEN, Respondent.**

No. C6–85–2225.

Court of Appeals of Minnesota.

July 29, 1986.

Review Denied Sept. 25, 1986.

Whitney E. Tarutis, Bemidji, for appellant.

Margaret Seelye Treuer, Bemidji, for respondent.

Heard, considered and decided by LESLIE, P.J., and FOLEY and WOZNIAK, JJ.

## OPINION

FOLEY, Judge.

In this marriage dissolution, Margaret Kroeplin appeals from the trial court's orders denying her post-decree motions and holding her in constructive contempt of court for failing to comply with the terms of the dissolution judgment. We affirm.

## FACTS

Appellant petitioned for a dissolution of her marriage with respondent, Dennis Haugen, and the matter went to trial on June 26, 1985. The parties first stipulated to custody and visitation in accordance with the temporary relief order in effect since November 1984. Appellant's attorney read this stipulation into the record; both parties affirmed that they understood and agreed to the stipulation's terms.

The trial judge then adjourned the hearing on representations by the parties' attorneys that they expected to obtain a stipulation on all other matters after some further discussion. The parties then negotiated the stipulation for several hours. Court reconvened that same afternoon and appellant's attorney read the balance of the stipulation into the record. Both parties again affirmed that they understood and agreed to the stipulation's terms.

Following the hearing, but prior to entry of judgment, appellant discharged her attorney, Carl Baer. Respondent's attorney, Margaret Treuer, learned of Baer's discharge from a telephone call with Baer. Treuer then forwarded proposed Findings of Fact, Conclusions of Law and Order for Judgment to the court, in which she explained she had waited "a few days" to see if appellant would retain another attorney. Having heard nothing, she requested judgment be entered pursuant to the stipulation placed on the record with both parties and counsel present. On July 9, 1985 the trial court entered a judgment and decree dissolving the parties' marriage and incorporating the terms of the stipulation into the judgment.

Following entry of the judgment, appellant brought several post-decree motions. Appellant asked the court to vacate those parts of the judgment that were incorporated pursuant to the stipulation, saying she was under duress at the time the parties agreed to the stipulation's terms, that the terms vary from those she agreed to, and that respondent's attorney failed to comply with family court rules governing stipulations. She also alleged that respondent was not complying with some of the judgment's terms and requested the court to order enforcement of those terms and to hold respondent in contempt of court for failing to abide by the judgment.

The trial court denied all motions. In addition, the trial court granted respondent's cross-motion and held appellant in constructive contempt of court for her failure to comply with the terms of the judgment. However, the court stayed the sen-

tence on the condition that appellant purge herself of the contempt and stayed the contempt order pending completion of appellate proceedings. Margaret Kroeplin appeals from the orders denying her motions and finding her in contempt.

## ISSUES

1. Did the trial court abuse its discretion in refusing to vacate the stipulation?

2. Did the trial court clearly err in finding appellant in constructive contempt of court?

## ANALYSIS

■■■ The interests of common law in the finality of judgments has resulted in the general rule that orders denying motions to vacate a judgment are not appealable. *King v. Carroll,* 356 N.W.2d 449, 451 (Minn.Ct.App.1984). Nevertheless, the potential for a change in circumstances in dissolution matters requires, in justice, that continuing jurisdiction be vested in the court, overriding the common law interest in the finality of judgments. *Id.* Because the trial court's orders denying appellant's post-decree motions to vacate judgment undeniably determine the action and prevent a judgment from which an appeal might be taken, those orders are appealable. *Id.;* see Minn.R.Civ.App.P. 103.03(e).

■■■ 1. Courts favor stipulations, particularly in dissolution cases, as a means of simplifying and expediting litigation. *Tomscak v. Tomscak,* 352 N.W.2d 464, 466 (Minn.Ct.App.1984). Courts may set aside stipulations for fraud, duress or mistake. *Id.* However, a trial court's determination not to vacate a stipulation will not be disturbed on appeal absent an abuse of discretion.[1] *Id.* at 465.

A recent case from this court set forth factors that determine whether a stipulation was properly accepted by the court:

(1) whether the party was represented by competent counsel;

(2) whether extensive and detailed negotiations occurred;

(3) whether the party agreed to the stipulation in open court; and

(4) whether when questioned by the judge the party acknowledged understanding the terms and considering them fair and equitable.

*Pekarek v. Wilking,* 380 N.W.2d 161, 163 (Minn.Ct.App.1986) (citing *Tomscak,* 352 N.W.2d at 466). The record shows that the court proceedings here substantially complied with each factor listed in *Pekarek.*

■■■ First, appellant makes no allegations that her attorney was incompetent. Second, the only indication of duress is that the stipulation was agreed upon during a relatively short period of time on the day of trial. Although it might have been preferable to reduce the terms to writing in order to allow the parties to review them without the pressure of time, the trial date was not the first opportunity appellant had to review the issues or discuss the negotiable options; the dissolution proceedings had been ongoing for several months prior to trial. Any pressure on appellant to reach an agreement on the terms of the dissolution after such a lengthy period of negotiations does not amount to duress. Third, appellant agreed to the stipulation in open court.

Only the fourth factor was not followed in its entirety by the trial court. Under *Pekarek,* the trial judge should have conducted the inquiry on whether the parties understood the stipulation's terms. However, the trial judge expressly directed the attorneys to question the parties and, as the questioning ended, also commented to the parties about the finality of stipulations. In addition, the record supports the

---

**1.** References throughout this opinion are to vacation of the stipulation. Appellant's motion, however, was for vacation of the judgment. Such a motion could only be addressed to the inherent powers of the trial court to set aside a final judgment where it determines that such a judgment amounts to fraud upon the court. *Lindsey v. Lindsey,* 388 N.W.2d 713 (Minn.1986).

Under *Lindsey,* appellant's allegations do not provide a sufficient basis upon which to vacate judgment. The stipulation, however, was wholly incorporated into the judgment and, except for the mandatory statutory attachments, the judgment parallels the stipulation. We accordingly give careful consideration to appellant's claims regarding the stipulation.

voluntary nature of the participants' acknowledgment of their understanding of the terms. Consideration of all the relevant factors shows the trial court properly received the parties' stipulation.

■ Appellant, however, further alleges that failure to comply with Rule 5.02 of the Uniform Rules of Procedure for Family Court Dissolution Matters renders the stipulation invalid. Rule 5.02 provides that:

Findings of Fact, Conclusions of Law, and Order for Judgment which are drafted by counsel based upon a stipulation entered upon the record shall bear the notation "approved as to form" followed by the signatures of counsel for both parties * * * before being presented to the Court for approval and signature.

Here, upon learning informally that appellant had discharged her attorney, respondent's attorney forwarded drafts of the proposed documents directly to the court without sending a copy to appellant's attorney of record for his signature. This was poor practice; if she determined not to send the attorney a copy of the documents, respondent's attorney should have instead sent the copy directly to appellant. Her failure to do so was not prejudicial error, however, because the proposed findings and conclusions that the court incorporated into the decree parallel the terms of the stipulation as read into the record, with the exception of the substitution of the word "supervised" in the conclusions of law for the word "handled" from the findings of fact.

■ Moreover, this court recently held that courts may promulgate rules governing practice before that court, but that such rules cannot bind other courts unless promulgated by the supreme court. *Savoren v. Savoren*, 386 N.W.2d 288, 291 (Minn. Ct.App.1986). The Uniform Rules of Procedure for Family Court Dissolution Matters were adopted by the County Court Judges Association, not by the supreme court. *Id.* Under *Savoren*, Rule 5.02 does not bind the trial court and does not compel vacation of the stipulation.

Appellant's final argument is that the stipulation should be vacated because it contains terms to which she did not agree. First, she argues that the substitution of "supervised" for "handled" is sufficiently important to require vacation of the stipulation. The findings state that the sale of the parties' property is to be "handled" by a neutral escrow agent, whereas the conclusions state that the sale is to be "supervised" by a neutral escrow agent. Appellant argues that the word "supervised" limits its the escrow agent's role and allows respondent to actually handle the sale. Appellant does not want respondent to have any control over the sale of the property.

■ On the other hand, while arguing that the escrow agent should have total control over the sale of the property, appellant inconsistently objects to the nomination of Paul Welle as the escrow agent; she contends that Welle is not a neutral agent. Neither objection is sufficient to warrant disturbing the stipulation. Whether he "handles" or "supervises" the sale of the homestead, Welle's role as a neutral escrow agent is self-defining. Also, the transcript indicates that both parties stipulated to the nomination of Welle as the escrow agent, and we have already concluded that appellant was not under duress when she agreed to the stipulation.

Third, appellant objects to the language in the stipulation that she agreed to pay interest charges on the mortgage on the homestead until it is sold. Appellant states that she agreed only to pay rent, not interest. At the hearing, appellant's attorney stated that:

[Appellant] will rent that home. She will rent it for a sum of $225 per month, which sum of money will be paid to the First National Bank and to First Federal Savings & Loan in appropriate amounts to keep the—at least the interest payments taken care of in that regard.

Discussion between the attorneys immediately followed in which they characterized the payments as interest with some questions over the possibility that there may be more or less than $225 due in interest in any given month and what would happen to any short or excess payments. At the con-

clusion of the discussion, appellant's attorney asked her if she understood and agreed to what had just been said, and she responded affirmatively.

■■■ Finally, appellant claims that despite the stipulation's requirement that each party be given the chance to buy the property for sale at a price equivalent to that of the highest bid received from an outside buyer, property has been sold without giving her that opportunity. Appellant had alleged this in her motion to hold respondent in contempt of court for failing to comply with the terms of the judgment, but the trial court made no findings regarding the allegation, other than to hold that respondent was not in contempt of court. Under the terms of the judgment, appellant should be given the opportunity to purchase any such property. However, appellant did not present evidence indicating that her finances would permit any purchases such that she was prejudiced by any omission in this regard; to the contrary, the trial court found appellant to be indigent and she was allowed to proceed with her appeal *in forma pauperis.*

Appellant's numerous objections, not all of which have been specifically addressed herein, do not prove that the stipulation contained terms to which she did not agree. Rather, they are primarily evidence of her general unwillingness to abide by those terms of the judgment with which she now regrets her agreement. Moreover, those objections that have some validity fail to convince us that it was an abuse of discretion for the trial court to refuse to vacate the judgment that had been stipulated to in accordance with the appropriate factors. *See Pekarek,* 380 N.W.2d at 163.

■■■ 2. An order for contempt is a conditional order that directs punishment only if appellant fails to purge herself of the contempt. *Becker v. Becker,* 300 Minn. 512, 513, 217 N.W.2d 849, 850 (1974). *See also Tell v. Tell,* 383 N.W.2d 678, 685 (Minn.1986). As such, it is not a final order and is not appealable. *Becker,* 300 Minn. at 513, 217 N.W.2d at 850. Nevertheless, in the interests of judicial economy and in view of the need for finality in this case,

we grant discretionary review of appellant's claim that the trial court erred in holding her in contempt of court.

The trial court's contempt order will only be overturned if its findings of fact supporting the order are clearly erroneous. Minn.R.Civ.P. 52.01. Under the clearly erroneous rule, findings of fact by the district court may be set aside only if this court, on the entire evidence, is left with the definite and firm conviction that a mistake has been made. *Minnesota Public Interest Research Group v. White Bear Rod and Gun Club,* 257 N.W.2d 762, 782–83 (Minn.1977).

■■■ The evidence supports the trial court's findings that appellant has not abided by the terms of the judgment. Appellant has not made the interest payments on the homestead's mortgage, which has resulted in foreclosure proceedings and a sheriff's sale of the homestead. She has refused to turn over items of personal property in her possession that were awarded to respondent by stipulation. Appellant has not cooperated with the sale of property as set forth in the stipulation. Appellant has hindered respondent's visitation with the two children in appellant's custody. Appellant has continued to harass and annoy respondent in violation of the terms of the judgment. There is no evidence that appellant has complied with the specific terms of the judgment except her inapposite argument that she did not agree to those terms. The trial court's findings are not clearly erroneous and will not be disturbed.

## DECISION

Because there was no evidence of fraud, duress, or mistake, and because the guidelines for entering into stipulations were followed, the trial court properly refused to vacate the stipulation that was incorporated into the terms of the judgment of dissolution. Although the order holding appellant in constructive contempt of court is a non-appealable order, we grant discretionary review in the interests of judicial economy and the need for finality in this case.

The trial court's findings supporting its contempt order are supported by the evidence and are not clearly erroneous. The redemption period following the sheriff's foreclosure sale of the homestead will expire October 2, 1986; we expedite the opinion so that the parties will have sufficient time to exercise their right to redeem.

Affirmed.