Jacqueline R. SELZER,
Petitioner, Respondent,

v.

Fredrick J. SELZER, Appellant.

No. C8–86–633.

Court of Appeals of Minnesota.

Sept. 9, 1986.

Julie A. Skarda, Judith L. Oakes, Oakes & Kanatz, St. Paul, for respondent.

Lawrence D. Olson, William H. Godbout, Jr., Lawrence D. Olson & Associates, St. Paul, for appellant.

Heard, considered and decided by POPOVICH, C.J., and SEDGWICK and NIERENGARTEN, JJ.

## OPINION

POPOVICH, Chief Judge.

Appeal is made from a final judgment and decree dissolving the parties' marriage based on an oral stipulation. Appellant claims (1) he should be released from the

stipulation because of ineffective assistance of counsel and lack of equity and (2) the trial court improperly vested the county court services department with jurisdiction regarding visitation. We affirm.

## FACTS

Appellant Fredrick J. Selzer and respondent Jacqueline R. Selzer were married in 1977. Their only child, Kristina, was born on July 15, 1983. In January 1984, appellant accepted a job offer in California. Unwilling to move to California from St. Paul, respondent petitioned for dissolution in February 1984.

An order for temporary relief was filed March 9, 1984, placing custody in respondent and granting reasonable visitation to appellant. On June 18, 1984, the temporary relief order was modified to permit respondent to remove the child from the state to visit friends and family. A second modification order filed on February 5, 1985 allowed appellant overnight visitation in Minnesota "in the discretion of and under the supervision of the Department of Court Services." Appellant's motion for California visitation was temporarily denied.

Appellant substituted counsel in July 1984. His new attorney entered full time employment with Sperry Corporation in March 1985, but continued to represent appellant.

Trial was scheduled for September 19, 1985. The parties reached an oral stipulation prior to hearing and the stipulation was read into the record by counsel. Both respondent and appellant testified as to their understanding and agreement of it.

In October 1985, appellant wrote his attorney stating dissatisfaction with the stipulation. His attorney wrote back advising appellant of his options. In November 1985, appellant's attorney moved to withdraw as counsel. His motion was granted by order filed November 26, 1985. That order also stated appellant could not withdraw from the stipulation "without either the consent of [respondent] or by leave of

the Court for cause shown." The trial court found no cause had been shown.

Appellant telephoned and wrote the trial court in December 1985 to express his dissatisfaction with the settlement. The trial court entered final judgment and decree on January 14, 1986 based on the parties' oral stipulation. The court's cover letter mailed to the parties with the decree stated its conclusion, reached after consideration of communication received from the parties, that the stipulation was "just and equitable" and in the child's best interest.

The decree placed primary physical custody in respondent subject to reasonable visitation by appellant, including a California visit in November 1985. The child was evaluated by a child psychologist after the visit as required by the stipulation. The decree also stated:

Visits in California after the November, 1985 visit shall be under the jurisdiction of Ramsey County Court Services and the Court. It is the intention of the Court that visits in California shall increase in both frequency and duration provided there is no detrimental effect on Kristina.

In the event the parties are unable to agree regarding any major decision affecting Kristina, the parties shall submit the issue to mediation through Ramsey County Court Services, but the final decision shall be that of the petitioner, subject to further Order of this Court.

Ramsey County Court Services shall continue to provide visitation services for a term of one year from the date of the Judgment and Decree herein, subject to renewal by the Court, if necessary.

The decree also divided the marital property pursuant to the parties' stipulation.

Subsequent to the November 1985 California visit, the examining child psychologist recommended suspension of California visitation and Minnesota overnight visitation based on the child's age and her adverse reaction to prolonged separation from her mother during the November 1985 visit. She recommended review of these changes after one year.

## ISSUES

1. Did the trial court abuse its discretion in ordering entry of judgment based on the parties' stipulation?

2. Did the trial court err in providing for participation by the Ramsey County Department of Court Services in scheduling of future visitation?

## ANALYSIS

1. Appellant claims he should be released from the parties' stipulation because he received ineffective assistance of counsel which greatly impaired his visitation rights and severely compromised his property interests. He asserts the child's best interest is not served because she is deprived of sufficient contact with both her parents. Despite respondent's claim this appeal should be dismissed, this and other issues are reviewable on appeal from the judgment and decree.

■ Stipulated dissolutions are greatly favored and will not be disturbed absent abuse of trial court discretion. *See Tomscak v. Tomscak*, 352 N.W.2d 464, 466 (Minn.Ct.App.1984).

This court has considered the following factors in determining whether a stipulation was entered into properly: (1) whether the party was represented by competent counsel; (2) whether extensive and detailed negotiations occurred; (3) whether the party agreed to the stipulation in open court; and (4) whether when questioned by the judge the party acknowledged understanding the terms and considering them fair and equitable. *Tomscak*, 352 N.W.2d at 466.

*Pekarek v. Wilking*, 380 N.W.2d 161, 163 (Minn.Ct.App.1986).

■ Appellant does not complain that settlement negotiations were not sufficiently extensive. The record indicates appellant stated understanding the stipulation and agreeing to it in open court. Appellant argues his counsel was incompetent and ineffective because of counsel's competing full time corporate employment. But the record does not indicate a lack of attention to appellant's case. Late response to interrogatories is not significant or unusual and the attorney can hardly be blamed for the geographical distance in the attorney-client relationship. His counsel negotiated the settlement and advised appellant after the stipulation was entered. Appellant has not demonstrated his attorney's incompetence or ineffectiveness in arguing for vacation of the stipulation.

Appellant claims the stipulation was improper because the visitation provisions are not in his daughter's best interest. Minnesota Statutes provides:

[T]he court shall * * * grant such rights of visitation as will enable the child and the noncustodial parent to maintain a child to parent relationship that will be in the best interests of the child.

Minn.Stat. § 518.175, subd. 1 (1984).

Here, the parties stipulated and the trial court ordered visitation rights be granted appellant in California and Minnesota and psychological evaluations of the young child be made to determine any detrimental effect based on separation from the primary custodian. Any disputes regarding changes in visitation are to be mediated through court services and subject to further court order. These provisions are quite proper given the child's age and quite protective of the child's best interest.

2. Appellant claims the trial court ignored statutory law in accepting the parties' stipulation and permitting court services to restrict visitation by the jurisdiction placed upon it by the trial court. Minnesota Statutes states:

[T]he court may order * * * the department of court services to exercise continuing supervision over the case under guidelines established by the court to assure that the custodial or visitation terms of the decree are carried out.

Minn.Stat. § 518.176, subd. 2 (1984).

■ The decree provides visitation is to be under the jurisdiction of both the trial court and court services. Disputes are to be mediated through court services and if necessary resolved by court order. The

decree does not violate section 518.176. Appellant has not challenged the psychologist's recommendation nor sought to enforce the original stipulated visitation. The stipulated procedures regarding visitation are proper and should be followed by appellant if he has a dispute.

## DECISION

The trial court properly refused to vacate the parties' stipulation and did not improperly vest court services with unlawful jurisdiction.

Affirmed.