**In re the Matter of Elsworth D. CADLE, Petitioner, Appellant,**

v.

**Bobbie Jean CADLE, Respondent.·**

No. C8–89–2090.

Court of Appeals of Minnesota.

July 3, 1990.

Louis M. Reidenberg, Lisa M. Amundson, Minneapolis, for appellant.

William E. Sjoholm, David J. McGee, Thomsen, Nybeck, Johnson, Bouquet, Van-Valkenburg, Ohnstad & Smith, Edina, for respondent.

Considered and decided by FOLEY, P.J., and KALITOWSKI and SCHUMACHER, JJ.

## OPINION

FOLEY, Judge.

This is an appeal from the trial court's denial of a motion to amend or vacate a marital dissolution judgment and decree. The moving party argued that an oral stipulation of the parties made on the record did not accurately reflect the agreement of the parties. We affirm.

## FACTS

Appellant Elsworth D. Cadle (age 34) and respondent Bobbie Jean Cadle (age 35) were married on September 7, 1974. Three children were born during the marriage and one was adopted.

Dissolution proceedings were started in February 1987. The parties did not own real property. Elsworth was on active duty in the army stationed in Germany, and Bobbie Jean lived in Minneapolis with the children.

On February 23, 1989, the day of trial, the parties negotiated a settlement and made a stipulation on the record. The court directed the attorney for Elsworth to draft the judgment and decree. On March 17, 1989 the parties had a conference with the trial judge regarding an objection Elsworth had to the spousal maintenance provision. The conference was not on the record.

After several drafts of the judgment and decree, another conference was held with the trial court on the record on April 27, 1989. The court directed the attorney for Bobbie Jean to draft the judgment and decree. Judgment was entered on June 29, 1989. Elsworth did not appeal the judgment and decree.

On August 3, 1989, a hearing was had on Elsworth's motion to vacate and amend portions of the judgment and decree. Elsworth did not state the rules or statutory authority upon which he was bringing his motion. On October 27, 1989, the trial court ordered changes be made in some provisions of the judgment and decree but denied Elsworth's requested change in the spousal maintenance provision.

Elsworth now appeals the October 27, 1989 order's denial of his motion to vacate.

## ISSUES

1. Did the trial court abuse its discretion in failing to vacate the stipulation?

2. Did the trial court abuse its discretion in awarding Bobbie Jean attorney fees?

## ANALYSIS

■ 1. Elsworth seeks vacation of the entire judgment and the stipulation. A motion for vacation of judgment can

only be addressed to the inherent powers of the trial court to set aside a final judgment where it determines that such a judgment amounts to fraud upon the court.

*Kroeplin v. Haugen,* 390 N.W.2d 872, 875 n. 1 (Minn.App.1986), *pet. for rev. denied* (Minn. Sept. 25, 1986) (citing *Lindsey v. Lindsey,* 388 N.W.2d 713 (Minn.1986)). Elsworth does not argue fraud; however, he claims there was a mistake.

While Elsworth did not ask for vacation of the stipulation at the trial court, he now purports to appeal the denial of a motion to vacate the stipulation. We follow *Kroeplin,* and hear this as an appeal from a denial of a motion to vacate a stipulation because the judgment was based on the stipulation. *Kroeplin,* 390 N.W.2d at 875.

 Stipulations in dissolution cases are particularly favored by courts because they simplify and expedite litigation. *Tomscak v. Tomscak,* 352 N.W.2d 464, 466 (Minn.App.1984) (citing *Anderson v. Anderson,* 303 Minn. 26, 225 N.W.2d 837 (1975)). Stipulations may, however, be set aside by courts for fraud, duress or mistake. *Tomscak,* 352 N.W.2d at 466 (citing *Steel v. Steel,* 305 Minn. 504, 232 N.W.2d 104 (1975)). Nonetheless, on review, a trial court's refusal to set aside a stipulation will be upheld if the trial court has not abused its discretion. *Kroeplin,* 390 N.W.2d at 875.

 The parties agree a four factor test is to be used in determining whether a stipulation was entered into properly: (1) did the party have competent representation of counsel; (2) did extensive and detailed negotiations occur; (3) did the party agree to the stipulation in open court; and (4) when questioned by the judge, did the party acknowledge understanding the terms and that they were fair and equitable. *Id.*

 Elsworth does not claim he did not have competent representation. Nor does Elsworth dispute Bobbie Jean's claim the stipulation was entered into after a full day of negotiations during which the parties had the opportunity to solicit the trial court's views on issues. Elsworth also cannot dispute he agreed to the stipulation in open court. Nor does the fact his attorney, instead of the court, questioned Elsworth whether he understood and agreed with the terms of the stipulation and thought they were fair and equitable mean the stipulation was not properly received. *See Kroeplin,* 390 N.W.2d at 875.

Elsworth contends, however, that the stipulation, as read into the record, was the result of a mistake and did not accurately reflect the agreement of the parties. The portion of the stipulation Elsworth challenges was put into the record as follows:

For maintenance, the understanding is that again beginning March 31st of this year, [Elsworth] will be paying to [Bobbie Jean] the sum of $325 a month for spousal maintenance to [Bobbie Jean] and that obligation will remain at that rate for two years. And then after 24 months, the amount of the monthly maintenance payment will be reduced to $225, and that this court is going to be ordering permanent maintenance in that amount.

THE COURT: Which means that, under the law, if there is a change in circumstances, it can be—the amount of maintenance can be changed, but only on motion of the party meeting the requirement, just for the parties' information so they know that.

At the request of the trial court, Elsworth's attorney questioned Elsworth as follows:

MS. AMUNDSON: Mr. Cadle, you have heard what was recited into the record?

MR. CADLE: Yes, ma'am.

MS. AMUNDSON: And do you believe that the agreement that was made here today is fair?

MR. CADLE: Yes.

MS. AMUNDSON: And have I fully advised you and talked to you about any concerns that you may have had about the settlement?

MR. CADLE: Yes, ma'am.

MS. AMUNDSON: And does this agreement fully represent what you agreed to?

MR. CADLE: Yes, ma'am.

MS. AMUNDSON: And you fully understand the terms of the settlement?

MR. CADLE: Yes, ma'am.

MS. AMUNDSON: You wish this agreement to be made part of the order?

MR. CADLE: Yes, ma'am.

MS. AMUNDSON: And you understand that it will be binding on you?

MR. CADLE: Yes, ma'am.

THE COURT: And you understand that it will be binding on you?

MR. CADLE: Yes, Your Honor.

THE COURT: And you have no further questions about it?

MR. CADLE: No, Your Honor.

THE COURT: And you accept it?

MR. CADLE: I accept it, Your Honor.

In its order denying the motion to vacate, the trial court made the following findings:

[Elsworth] makes no claim that the requirements for a properly entered stipulation have not been met. Instead, he claims "a meeting of the minds" never took place and that the decree does not reflect the actual agreement of the parties. * * * These two claims are mutually exclusive and contradictory. Both claims are refuted by the transcript. The purpose of a transcript is to record the actual agreement of the parties and to establish that a meeting of the minds took place if there is a question later. The agreement to award permanent maintenance was clearly stated and the court's clarification of change of circumstances only reinforced the permanency of the award. Furthermore, [Elsworth]'s counsel did not question [Bobbie Jean] as to her understanding of the agreement to any alleged waiver of permanent maintenance after five years, as is customary when there is a waiver of permanent maintenance. Both parties agreed to the stipulation and agreed to be bound by it. [Elsworth] and his counsel had an affirmative duty to listen to the agreement and state any disagreement at the time the stipulation was read into the record. His

failure to allege a different agreement cannot be corrected by a motion for amended Findings.

Elsworth has not shown these findings are clearly erroneous. *See* Minn.R.Civ.P. 52.01.

In the memorandum made a part of its October 27, 1989 order, the trial court gave the following analysis.

The record is clear as to the nature of the agreement that the parties entered into. There is a strong policy in favor of stipulations, especially in dissolution cases. * * * The post-trial skirmishes between the attorneys do not go to the terms of the stipulation, as agreed upon, except with respect to the issue of permanent alimony, which has been addressed in the findings and order above. For example, [Elsworth]'s attorney agreed on oral argument that his contention as to support not decreasing as each child reaches majority was not crucial. The agreement reached by the parties on the record is clear and controlling.

The trial court's well-reasoned memorandum and its findings, which are strongly supported by the thorough record made with respect to the stipulation entered into on February 23, 1989, show the clear intent and understanding of the parties that there be provision for permanent maintenance. We affirm the trial court's refusal to vacate the stipulation.

2. The trial court did not abuse its broad discretion in awarding Bobbie Jean attorney fees for opposing Elsworth's motion, and we affirm that award. *See* Minn. Stat. § 518.14 (1988); *Bogen v. Bogen,* 261 N.W.2d 606, 611 (Minn.1977).

Finally, we award Bobbie Jean $500 in attorney fees on appeal.

DECISION

Affirmed.

SCHUMACHER, Judge (dissenting).

I believe the provision for spousal maintenance as set forth on the record by counsel for Bobbie Jean on February 23, 1989 is

ambiguous. An evidentiary hearing should have been held by the trial court to determine Elsworth's understanding of the oral stipulation. *Landwehr v. Landwehr*, 380 N.W.2d 136, 139 (Minn.App.1985).

The majority opinion concludes that Elsworth should have had a clear understanding of his obligation to pay permanent maintenance. Unfortunately, nobody asked Elsworth if he understood that he would be paying permanent maintenance and in what amount. The attorney's or trial court's understanding of the oral stipulation is irrelevant. Elsworth should at a minimum be heard on the matter.