STATE of Minnesota, Respondent,

v.

Andrew SCHOLBERG, Appellant.

No. C8–86–115.

Court of Appeals of Minnesota.

Sept. 16, 1986.

Thomas W. Strahan, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Robert J. Alfton, Minneapolis City Atty., Peter W. Ginder, Asst. City Atty., Patrick W. Ledray, Minneapolis, for respondent.

Heard, considered and decided by FOLEY, P.J., and HUSPENI and CRIPPEN, JJ.

## OPINION

CRIPPEN, Judge.

This appeal challenges a trial court decision to order appellant jailed in revocation proceedings based solely on the occurrence of a new accusation. We reverse and remand.

## FACTS

On December 21, 1984, appellant was convicted and sentenced for a violation of the misdemeanor trespass law, Minn.Stat. § 609.605(5) (1984). He was sentenced to 60 days incarceration, plus either 20 more days or a $200 fine, but the sentence was stayed for one year on certain conditions, including one for "no S or S (same or similar) re trespass or disorderly conduct."

On October 28, 1985, the trial court issued a notice for a revocation hearing on December 9 to determine if appellant had a "new trespass charge." A formal revocation hearing was later scheduled for January 13, 1986.

The trial court viewed the relevant condition of stay as one for "no new arrests or charges" for trespassing, heard appellant's admission that he faced a new trespass charge, revoked the stay, and ordered appellant incarcerated. The order was subsequently stayed during appeal.

Upon his appeal from the revocation decision, appellant also challenges the 1984 conviction, primarily asserting that he was denied his right to counsel in circumstances surrounding his demand at the time for representation by a non-lawyer. His earlier appeal from the conviction was untimely and was dismissed in April 1985. Appellant thereafter sought a writ of prohibition on the original sentence, but this court denied the petition in July 1985, noting that a misdemeanor sentence is not appealable of right under Minn.R.Crim.P. 28.02, subd. 2(3).

## ISSUES

1. Was appellant lawfully ordered incarcerated in January 1986?

2. Will this court review the 1984 conviction on this appeal?

## ANALYSIS

### 1.

A trial court decision to revoke a stay of sentence will be reversed only if there is a clear abuse of its discretion. *State v. Austin*, 295 N.W.2d 246, 249–50 (Minn.1980). However, the decision to revoke must be based on sound judgment and not just the will of the trial judge. *Id.* at 251.

The Minnesota Supreme Court has demanded that before a stay is revoked the trial court find that a named condition has been intentionally or inexcusably violated and that the "need for confinement outweighs the policies favoring probation." *Id.* at 250. The court explains that the policy for probation is one for rehabilitation, that the trial court must balance the

probationer's interest in freedom against the State's interest in rehabilitation of the probationer and in public safety, and that revocation should only be used as a last resort when treatment has failed. *Id.*

In addition, the supreme court requires reference by the trial court to these criminal justice standards of the American Bar Association:

(a) Violation of a condition is both a necessary and a sufficient ground for the revocation of probation. Revocation followed by imprisonment should not be the disposition, however, unless the court finds on the basis of the original offense and the intervening conduct of the offender that:

(i) confinement is necessary to protect the public from further criminal activity by the offender; or

(ii) the offender is in need of correctional treatment which can most effectively be provided if he is confined; or

(iii) it would unduly depreciate the seriousness of the violation if probation were not revoked.

*See id.* at 251; A.B.A. Standards for Criminal Justice, Probation § 5.1(a) (Approved Draft 1970). Moreover, three dissenters in *Austin,* urging an application of the A.B.A. Standards to reverse the revocation in that case, pointed to additional standards for intermediate steps before revocation. The dissenters also emphasized the aim of the standards to avoid automatic revocation as a corollary to recognition that a violation is a *"permissible"* basis for this step. *Austin* 295 N.W.2d at 253 (Otis, J., Rogosheske, J., and Wahl, J., dissenting) (quoting A.B.A. Standards for Criminal Justice, Probation § 5.1, Commentary (Approved Draft 1970)).

Finally, under Minnesota law the trial court must make a record of its reasons for revocation and resentencing. Minn.R. Crim.P. 27.04, subd. 3(4).

The trial court here made no record to show consideration of the need for confining appellant. In addition, we do not agree that the "charge" here demonstrates an intentional violation of the condition against "same or similar" offenses. By itself, or even where supported by a statement of cause for a complaint, the charge does not fairly demonstrate an intentional act of the probationer. By itself, the act of accusation does not show an act of the probationer, the essential substance of a "need for confinement." *See Austin,* 295 N.W.2d at 250. We conclude that the revocation and resentencing of appellant was error.

■ Respondent contends appellant is bound by a finding of his violation because he waived a formal hearing on the allegation about a new charge. We disagree. Appellant waived a dispute as to whether in fact he faced a new charge, but he did not waive his objection to the conclusions that this fact constituted a violation and that the facts showed a valid reason for revocation.

**2.**

■ The appeal from the trial court's revocation decision is a matter of right under Minn.R.Crim.P. 27.04, subd. 3(5). The time for appeal from the original conviction has expired, and only discretionary review is provided for the original misdemeanor sentence. Minn.R.Crim.P. 28.02, subd. 3. We decline discretionary review, consistent with a prior determination on appellant's petition for a writ of prohibition. The proposed review is aimed at scrutiny of the original proceedings and tends to undermine the purposes of the rule on timely appeal from the judgment. *See Holznagel v. Holznagel,* 369 N.W.2d 344, 347 (Minn.Ct.App.1985, Popovich, C.J., dissenting).

**DECISION**

Revocation of the stay of appellant's 1984 sentence is reversed and remanded for proceedings consistent with the standards reviewed in this opinion. We decline to review the 1984 choice of sentence.

Reversed and remanded.