**STATE of Minnesota, Respondent,**

v.

**Walter C. MUHLENHARDT, Appellant.**

**No. C4–86–1607.**

Court of Appeals of Minnesota.

Jan. 13, 1987.

Review Granted March 18, 1987.

Hubert H. Humphrey, III, Atty. Gen., Kathleen Morris, Scott Co. Atty., Clifford McCann, Asst. Co. Atty., Shakopee, for respondent.

Kingsley D. Holman, Bloomington, for appellant.

Heard, considered and decided by POPOVICH, C.J., and PARKER and LESLIE, JJ.

## OPINION

PARKER, Judge.

Appellant Walter Muhlenhardt challenges the trial court's decision to order him jailed based on his failure to fulfill a probation condition of entering a halfway house. We reverse and remand.

## FACTS

On July 16, 1985, Muhlenhardt pleaded guilty to aggravated D.W.I. Execution of a $1,000 fine and one year in jail was stayed. One of the conditions of probation was that after serving some jail time for a prior traffic offense, Muhlenhardt would "be transferred into Serenity House, a half-way house facility for Minnesota veterans," and remain at the facility until he successfully completed the program.

Muhlenhardt was released from jail on December 15, 1985; he was instructed by his probation agent to apply to the "Serenity Halfway House" in Hastings, Minnesota. Muhlenhardt was to apply and interview with Serenity House by February 28, 1986.

Muhlenhardt applied and was interviewed by Serenity House officials on February 27, 1986. The admissions committee refused him admission because there was "insufficient justification" for offering admission. Serenity House is a full-time residential facility. The committee determined that because Muhlenhardt was living with his 83–year old sister (he was 67 years old when interviewed), claimed 15 months sobriety, is affiliated with Alcoholics Anonymous and has a sponsor, there was no need for his admission. The counselor who interviewed Muhlenhardt also cited the long waiting list and shortage of bed space in the program as factors for rejecting Muhlenhardt.

On April 10, 1986, Muhlenhardt's probation agent filed a Uniform Case Report erroneously stating that Muhlenhardt had not made contact with the halfway house by February 28, 1986, and that he was sabotaging the entrance evaluation. In response, a probation revocation hearing was held. The trial court concluded that Muhlenhardt violated the terms of probation by not entering Serenity House, revoked the stay of execution, and ordered that Muhlenhardt begin serving his one year jail sentence.

## ISSUE

Did the trial court abuse its discretion in revoking probation?

## DISCUSSION

■ The trial court's decision to revoke a stay of sentence will be reversed only if there is a clear abuse of its discretion. *State v. Austin*, 295 N.W.2d 246,

249–50 (Minn.1980). The decision to revoke must be based on sound judgment and not just the will of the trial judge. *Id.* at 251. Revocation should not inexorably follow a violation. "The public is not served by precipitate and automatic imprisonment following what under the circumstances might be * * * a technical violation * * ". ABA Standards for Criminal Justice and Commentary, Probation § 5.1 (Approved Draft 1970). Before a stay is revoked, the trial court must find that a condition has been intentionally or inexcusably violated and that the "need for confinement outweighs the policies favoring probation." *Austin,* 295 N.W.2d at 250. The trial court must find that there has been a violation by clear and convincing evidence. Minn.R. Crim.P. 27.04, subd. 3(3).

In this case the record is clear that Muhlenhardt did not violate the terms of probation, because he obeyed the agent's directive to apply for admittance and went through the interview process. The failure to enter Serenity House was due to a decision by the admissions committee and not the fault of Muhlenhardt. The admissions committee chairman testified to this at the revocation hearing.

Implicit in this condition of probation is that Serenity House admit Muhlenhardt once he makes reasonable effort to gain admission. If he is not admitted, he cannot meet the probation condition of entrance and successful completion of the program, because the condition is impossible to perform. *See Restatement of Contracts* (2d) § 226 (1981). Entrance was not an event under Muhlenhardt's control. Muhlenhardt met and was interviewed by the appropriate personnel at Serenity House. Muhlenhardt was not uncooperative in the interview, according to the interviewing counselor's report.

The State argues that the record is replete with evidence of Muhlenhardt's "lack of cooperation and attempts to sabotage his placement." The State argues that Muhlenhardt failed to seek admission affirmatively. The record does not substantiate this argument.

 The record does not establish that Muhlenhardt intentionally or inexcusably violated a condition of probation. *See State v. Scholberg,* 393 N.W.2d 247, 248–49 (Minn.Ct.App.1986). The revocation and resentencing was erroneous.

## DECISION

Revocation of the stay of appellant's one-year jail sentence is reversed and this case is remanded for further proceedings.

Reversed and remanded.