**STATE of Minnesota, Petitioner, Appellant,**

v.

**Walter C. MUHLENHARDT, Respondent.**

**No. C1–86–1607.**

Supreme Court of Minnesota.

April 10, 1987.

James A. Terwedo, Scott Co. Atty., Clifford G. McCann, Thomas J. Harbinson, Asst. Scott Co. Attys., Shakopee, for appellant.

Kingsley D. Holman, Bloomington, for respondent.

AMDAHL, Chief Justice.

We granted the state's petition for review in order to decide whether the Court of Appeals erroneously reversed the trial court's decision revoking the probation of Walter C. Muhlenhardt for aggravated DWI. Our examination of the record convinces us that the Court of Appeals erred in substituting its findings for those of the trial court and that the trial court justifiably revoked probation. Accordingly, we reverse the Court of Appeals and reinstate the decision of the trial court.

In June of 1984 defendant Muhlenhardt was placed on probation after being convicted of aggravated DWI. In January of 1985 he was charged with aggravated DWI and driving after revocation in connection

---

with another alcohol-related driving incident (he was found slumped over in the driver's seat of a car with the ignition turned on). Probation was immediately revoked in connection with the June 1984 conviction. While in jail on that revocation, defendant was furloughed to a treatment program at the VA Hospital. When he completed that program and was asked to participate in another program run by the VA at Serenity House in Hastings, he refused and was returned to the jail to complete his term. In July of 1985 the charges based on the January 1985 incident came on for trial. A plea agreement was reached whereby defendant pleaded guilty to aggravated DWI and driving after revocation in exchange for a stayed term of 1 year in jail, with probation conditioned on his entering Serenity House on his release from the preexisting jail term in December of 1985 and on his continuing in that program until April of 1986.

In November and early December of 1985 the jail coordinator tried to coordinate matters so that defendant could enter Serenity House upon his release from jail. Defendant initially refused to fill out and mail the application form, but did so after the coordinator contacted defendant's attorney. Defendant was released on December 20, 1985. On February 12, 1986, defendant's probation officer met with him to discuss his failure to contact Serenity House for an intake interview. Defendant said that he had encountered funding problems and was unable to follow up on his application. The probation officer learned from Serenity House that defendant had not contacted them. Defendant was then given a February 28 deadline for making contact and scheduling an intake interview; he was also reminded that his probation was conditioned on his being admitted to and successfully completing the program.

The interview was held on February 27, 1986. Defendant apparently told two admissions committee members who interviewed him that he did not want or need to enter Serenity House, that he had his own support system and a place to live. They concluded that he did not need Serenity House. On March 5 the admissions committee formally concluded that there was insufficient justification for his admission to the home. Subsequently the state sought revocation of probation on the ground that defendant had not complied with the terms of his probation. The state recommended that if during the year in jail defendant showed that he seriously wanted to participate in a program such as that at Serenity House, then the court could consider furloughing him to it.

Evidence concerning defendant's conduct was presented at the revocation hearing. Defendant called the chairman of the admissions committee at Serenity House, who explained that the committee concluded that there was no need for defendant to enter the home. The witness admitted, however, that if defendant had said he felt he wanted and needed to be in the program—instead of saying that he did not want or need to be in the program—then the chances would have been good that he would have been accepted.

The trial court concluded that defendant did not do what he was told to do as a condition of probation but instead sabotaged the system. Accordingly he revoked probation and executed the 1–year jail term.

The Court of Appeals reversed, concluding that all that defendant had to do to comply with the term of probation was to make a reasonable effort to gain admission to the program, that he did so and that it was not his fault that he was denied admission. *State v. Muhlenhardt*, 399 N.W.2d 109 (Minn.App.1987).

Our examination of the record convinces us that the Court of Appeals erred in substituting its factfindings for those of the trial court. The trial court found that defendant did not make a good faith effort to gain admission to the program and that he in fact did what he could to avoid being accepted into the program. We believe that the record supports this determination. Accordingly, we reverse the decision of the Court of Appeals and reinstate the decision of the trial court. *Black v. Romano*, 471 U.S. 606, 105 S.Ct. 2254, 85 L.Ed.2d 636

(1985); *State v. Austin,* 295 N.W.2d 246 (Minn.1980); *State v. Rock,* 380 N.W.2d 211 (Minn.App.1986), petition for review denied (Minn.1986).

Reversed and revocation of probation reinstated.