*This opinion is nonprecedential except as provided by Minn. R. Civ. App. P. 136.01, subd. 1(c).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A25-0356**

In re the Marriage of:

Joseph Ming Klimmek, petitioner,
Respondent,

vs.

Elizabeth Lynn Klimmek,
Appellant.

**Filed March 2, 2026
Affirmed; motion denied
Frisch, Chief Judge**

Anoka County District Court
File No. 02-FA-20-865

Richard D. Crabb, Hill Crabb, LLC, Edina, Minnesota (for respondent)

Elizabeth Sibet, Brooklyn Park, Minnesota (pro se appellant)

Considered and decided by Frisch, Chief Judge; Ede, Judge; and Bentley, Judge.

**NONPRECEDENTIAL OPINION**

**FRISCH**, Chief Judge

Appellant challenges the district court's judgment and decree awarding joint legal custody, joint physical custody, and equal parenting time of the parties' children. Appellant argues that the district court erred in determining that the parties were legally married and abused its discretion in its custody and parenting-time award by failing to

consider or improperly weighing certain evidence. Because we discern no error or abuse of discretion by the district court, we affirm.

## FACTS

Appellant-mother Elizabeth Lynn Klimmek and respondent-father Joseph Ming Klimmek married in 2016 and share two minor children. In June 2020, father petitioned for dissolution of the marriage, requesting that the parties be awarded joint legal custody and joint physical custody. In July, mother filed a counterpetition requesting sole legal custody and sole physical custody of the children.

In December 2022, mother filed a motion to dismiss father's petition for dissolution, asserting that the parties were never legally married. In April 2023, the district court denied mother's motion to dismiss, reasoning that the issue was not timely raised and even if timely, failed on the merits. In June, and without filing a motion seeking leave of court pursuant to Minn. Gen. R. Prac. 115.11, mother filed a letter requesting that the district court reconsider its April order denying her motion to dismiss. The district court denied mother's request for reconsideration.

The district court held a six-day trial, at which several witnesses testified, including friends, relatives, caregivers, and teachers. After trial, the district court entered an order for judgment and decree (J&D). Relevant to this appeal, the J&D awards joint legal custody, joint physical custody, and equal parenting time to mother and father. Mother appeals, asserting that the district court (1) erred in determining that the parties were legally married and (2) abused its discretion by failing to consider or improperly weighing certain evidence.

2

**DECISION**

**I.     The district court did not err in determining that the parties were legally married.**

Mother seeks to invalidate the J&D on the basis that the parties were never legally married. "In reviewing the [district] court's determination that the parties were legally married, this court must decide whether the [district] court correctly applied the law." *Ma v. Ma*, 483 N.W.2d 732, 735 (Minn. App. 1992). A civil marriage is lawful when "a license has been obtained as provided by law and when the civil marriage is contracted in the presence of two witnesses and solemnized by one authorized, or whom one or both of the parties in good faith believe to be authorized, so to do." Minn. Stat. § 517.01 (2024). "When the fact of marriage is required or offered to be proved before any court, evidence of . . . general repute, or of cohabitation as married persons, or any other circumstantial or presumptive evidence from which the fact may be inferred, shall be competent." Minn. Stat. § 602.02 (2024). "When evidence of a marriage is shown, a strong presumption of its legality arises." *Ma*, 483 N.W.2d at 735. The objecting party bears the burden of proof to overcome this presumption. *Id.*

The district court denied mother's motion to dismiss the dissolution proceedings on this basis for two reasons: first, mother's motion was untimely, and second, mother's motion failed on the merits. As to the first basis for denial, the district court determined that mother's motion to dismiss was untimely because the dissolution petition was filed in 2020, mother answered the petition less than a month later without raising invalidity of the marriage as a defense, and mother waited more than two years to move to dismiss on this

3

basis. Pursuant to Minn. R. Civ. P. 12.02, "[e]very defense, in law or fact, to a claim for relief in any pleading . . . shall be asserted in the responsive pleading." A party "waives an affirmative defense if it is not included in a responsive pleading." *Sletten v. Ramsey County*, 675 N.W.2d 291, 299 (Minn. 2004). Because mother did not timely assert the invalidity of the marriage as a defense, thereby waiving the same, the district court correctly applied the law in denying her motion to dismiss. *See also Sorenson v. St. Paul Ramsey Med. Ctr.*, 457 N.W.2d 188, 190 (Minn. 1990) (stating that an appellate court will not disturb a district court's decision to deny an untimely motion to dismiss unless there has been an abuse of discretion). We therefore affirm the district court's decision on this basis.[1]

We also address the district court's second basis for denial of mother's motion, that the motion, even if timely, failed on the merits. The district court determined that the submissions accompanying the motion—including the sworn statement from the officiant and the properly executed marriage certificate—conclusively established the validity of the marriage under Minnesota law. Seven months after the district court's denial of mother's motion to dismiss, mother sought reconsideration of the district court's decision at trial. She alleges that the district court erred in not reconsidering its prior decision because she was prepared to introduce new evidence to contest the marriage, including testimony regarding alleged irregularities in the ceremony and paperwork. But pursuant to Minn. Gen. R. Prac. 115.11, motions to reconsider are prohibited without express permission of the district court, and mother neither requested permission nor received such permission

---

[1] We note that mother also did not move to amend the pleadings pursuant to Minn. R. Civ. P. 15.01.

4

from the district court.[2]  The district court's initial dismissal of mother's motion is well-grounded in Minnesota law, and the district court was not required to later reconsider the validity of the parties' marriage at trial.[3]  Because the district court correctly applied the law, we discern no error and affirm on this basis as well.

**II.     The district court did not abuse its discretion by awarding the parties joint legal custody, joint physical custody, and equal parenting time.**

Mother appears to argue that the district court abused its discretion in failing to consider certain evidence in ordering custody and parenting time, and that if the district court properly considered this evidence, its award of custody and parenting time would not be supported.  Father counters that the district court's decision should be affirmed because the district court properly considered the entire record and appropriately analyzed the best-interests factors.  We agree with father.

The district court has broad discretion in making child-custody and parenting-time determinations.  *Matson v. Matson*, 638 N.W.2d 462, 465 (Minn. App. 2002); *see also In re Welfare of C.F.N.*, 923 N.W.2d 325, 334 (Minn. App. 2018) ("[T]here is scant if any room for this court to question a district court's balancing of best-interests considerations."

[2] Mother also argues that the district court later erred at trial because it did not allow "a witness to testify regarding the validity of the marriage."  Again, mother did not request nor did she receive permission to reconsider the district court's decision with respect to the validity of the marriage, and we discern no error in the district court's determination in this regard.

[3] Mother's argument also fails because she does not identify any legal error in the district court's decision to deny her motion to dismiss.  *See Waters v. Fiebelkorn*, 13 N.W.2d 461, 464-65 (Minn. 1944) ("[O]n appeal error is never presumed.  It must be made [t]o appear affirmatively before there can be reversal . . . [and] the burden of showing error rests upon the one who relies upon it.").

5

(quotation omitted)), *rev. denied* (Minn. Mar. 19, 2019). We review the district court's factual findings for clear error, "giving deference to the district court's opportunity to evaluate witness credibility and reversing only if we are left with the definite and firm conviction that a mistake has been made." *Thornton v. Bosquez*, 933 N.W.2d 781, 790 (Minn. 2019) (quotations omitted). A finding of fact is clearly erroneous if it is "manifestly contrary to the weight of the evidence or not reasonably supported by the evidence as a whole." *In re Civ. Commitment of Kenney*, 963 N.W.2d 214, 221 (Minn. 2021) (quotation omitted). In reviewing factual findings for clear error, we (1) "view the evidence in a light favorable to the findings," (2) do not find our own facts, (3) do not "reweigh the evidence," and (4) do not "reconcile conflicting evidence." *Id.* at 221-22 (quotations omitted). We defer to the district court's credibility determinations. *Vangsness v. Vangsness*, 607 N.W.2d 468, 472 (Minn. App. 2000).

The district court's "guiding principle" and "paramount commitment" when making child-custody and parenting-time decisions is the best interests of the child. *Thornton*, 933 N.W.2d at 789 (quotations omitted). "In considering the child's best interests, a district court must consider and evaluate all relevant factors, including 12 factors set forth by statute." *Id.* (quotation omitted); *see* Minn. Stat. § 518.17, subd. 1(a) (2024) (listing the 12 factors). For each of the statutory best-interests factors, the district court must provide "detailed findings . . . and explain how each factor led to [the district court's] conclusions and to the determination of custody and parenting time." Minn. Stat. § 518.17, subd. 1(b)(1) (2024).

6

Without assigning any error to the district court's analysis of the best-interests factors, mother argues that the district court abused its discretion in its award of custody and parenting time. Mother points to certain evidence that she alleges the district court failed to consider. But the J&D demonstrates that the district court properly considered all the identified evidence and either discredited that evidence or did not assign weight to that evidence.

First, mother argues that the district court failed to consider "evidence shown including [father] and [father's brother] allowing [older child] to physically hurt [younger child] while in the same room with them and only paying attention to their screens the entire video." But in its J&D, the district court explicitly addressed mother's concerns about father's parenting and about father's brother. The district court concluded that there was "no evidence of maltreatment by [father], [father's] mother, or [father's] brother." And the district court stated that it did "not share [mother's] concerns and finds no reason to limit [father's brother's] access to the children." Because we do not reweigh the evidence on appeal, *Kenney*, 963 N.W.2d at 221-22, and mother fails to identify evidence in the record contrary to the district court's findings, we conclude that the district court did not abuse its discretion in making this finding.

Next, mother asserts that the district court abused its discretion by failing to consider evidence of "[father] continuing to leave guns in the house loaded despite the [parenting consultant's] intervention and supervised visits previously" and "[father] continuing to leave pills out right on the kitchen island and in general not providing for the safety of the

children." Again, the J&D extensively addressed mother's concerns about father's ability to care for the children, explaining:

> At trial, and throughout the proceedings, [mother] has repeatedly raised concerns and attempted to establish a narrative that [father] is unable to effectively address the children's needs. None of [mother's] concerns have been validated by professionals. No significant concerns have been expressed regarding [father's] care of the children by the children's teachers, medical providers, or child protection services. . . . The Court has found and continues to find [mother's] concerns to be largely unfounded and, frankly, exaggerated.

The district court ultimately concluded that mother's concerns "regarding [father's] mental health and his ability to adequately care for the children [were] not credible." We will not reweigh evidence or disturb the district court's credibility determination. *See Vangsness*, 607 N.W.2d at 472; *Goldman v. Greenwood*, 748 N.W.2d 279, 284 (Minn. 2008).

Finally, mother asserts that the district court abused its discretion in disregarding testimony from various witnesses, including testimony from the children's teachers. We are not persuaded. The district court specifically stated that it considered "reports from the children's teachers, medical providers, child protection workers, parenting consultant, and other professionals" in its conclusion that it had "no significant concerns that [father] is unable to meet the children's needs."

To the extent that mother's argument may be construed as a challenge to the district court's analysis of the best-interests factors, the district court's findings are sufficiently detailed to support its custody and parenting-time determinations. Because the district

8

court demonstrably considered the evidence presented and its findings are grounded in the record, we discern no abuse of discretion.[4]

**Affirmed; motion denied.**

---

[4] After the close of briefing in this appeal, father moved to dismiss "the part of the appeal regarding the validity of the marriage" as not properly within the scope of this appeal. Appellate courts "dismiss an issue or claim on appeal as moot when a decision on the merits is no longer necessary." *Snell v. Walz*, 985 N.W.2d 277, 283 (Minn. 2023) (quotation omitted). Because we agree with father and conclude that the district court did not err in its determination that the parties were legally married, a decision on the merits of father's motion to dismiss is no longer necessary. Thus, we deny father's motion to dismiss as moot.